STATE OF NORTH CAROLINA v. ROBERT J. SATANEK

No. COA07-890

· (Filed 20 May 2008)

**1. Appeal and Error; Probation and Parole— appealability— failure to appeal probation extension orders**

Defendant did not waive his right to appeal the revocation of his probation and activation of his suspended sentence even though he did not appeal from the probation extension orders, because he had no right to appeal those orders since the probation was neither activated nor modified to special probation.

**2. Probation and Parole— subject matter jurisdiction—original period expired**

The trial court lacked subject matter jurisdiction to revoke defendant's probation on 26 February 2004, and the judgment is vacated, because: (1) the original probationary period expired on 1 February 2004; and (2) the State did not file a written motion before the expiration of the period of probation indicating its intent to conduct a revocation hearing and did not make a reasonable effort to notify defendant and to conduct an earlier hearing. N.C.G.S. § 15A-1344(f).

Appeal by defendant from judgment entered 30 April 2007 by Judge W. Russell Duke, Jr. in Onslow County Superior Court. Heard in the Court of Appeals 20 February 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Floyd M. Lewis, for the State.*

*Richard Croutharmel for defendant-appellant.*

HUNTER, Judge.

Robert J. Satanek ("defendant") appeals from a revocation of his probation and activation of his suspended sentence. After careful review, we vacate the trial court's judgment.

I.

Defendant pled guilty to indecent liberties with a child and indecent exposure in the Superior Court of Onslow County, North Carolina, on 1 February 2001. Judge Charles H. Henry sentenced defendant to sixteen to twenty months' active confinement. Judge Henry then suspended that active sentence and placed defendant on thirty-six months' supervised probation, ending on 1 February 2004. On 1 March 2001, Judge Carl L. Tilghman found defendant in willful violation of his probation. Judge Tilghman modified defendant's monetary conditions of probation and transferred defendant's probation to Indiana without extending the probation period. A violation report was issued on 2 July 2002, and defendant was returned to North Carolina after signing a waiver of extradition.

On 24 September 2002, Judge Charles H. Henry found defendant in willful violation of his probation pursuant to the violation report dated 2 July 2002. Judge Henry modified the original judgment by ordering defendant to serve ninety days' active confinement, report to his probation officers upon release, pay attorney's fees, and reapply for transfer of his probation to Indiana.

On 26 February 2004, Judge Donald W. Stephens signed an "Order on Violation of Probation or on Motion to Modify," which modified the monetary conditions of defendant's probation and extended defendant's term of probation twenty-four months, from 7 February 2004 until 7 February 2006 ("first extension").

On 9 January 2006, defendant signed a statement agreeing to an extension of his probation another twenty-four months in order to continue his sex offender treatment ("second extension"). On 16 January 2006, Judge Stephens signed an "Order on Violation of Probation or on Motion to Modify," which extended defendant's term

of probation an additional twenty-four months, from 7 February 2006 until 6 February 2008. On 28 March 2007, defendant's probation officer filed a violation report charging that defendant had willfully violated the sex offender special conditions of his probation. At a probation violation hearing on 30 April 2007, Judge Russell Duke found that defendant willfully and without valid excuse violated each of the conditions of his probation as set forth in the violation report dated 28 March 2007. Judge Duke entered a judgment which revoked defendant's probation and activated his suspended sentence. Defendant appeals from this judgment.

## II.

[1] Before considering defendant's appeal, we must briefly address the State's argument that defendant may not bring an appeal at this time. The State argues that the proper recourse for defendant was either to appeal as a matter of right within fourteen days of the entry of judgment or to petition this Court for review by writ of certiorari if the right to prosecute the appeal has been lost by failure to take timely action. See N.C. Gen. Stat. § 15A-1444 (2007); N.C.R. App. P. 4(a)(2); N.C.R. App. P. 21(a)(1). The State further argues that defendant has twice failed to comply with the North Carolina Rules of Appellate Procedure by not appealing his probation extension orders and thus has waived his right to appeal both extension orders. In addition, the State believes that defendant's attempt to appeal constitutes an impermissible collateral attack.

The State relies heavily on three cases to reach the conclusion that defendant is precluded from challenging the validity of the probation extension orders while appealing the revocation of his probation: *State v. Holmes*, 361 N.C. 410, 646 S.E.2d 353 (2007); *State v. Rush*, 158 N.C. App. 738, 582 S.E.2d 37 (2003); and *State v. Noles*, 12 N.C. App. 676, 184 S.E.2d 409 (1971). In each case, the appellate court held that, because the defendant's sentence was activated, the defendant had a right to appeal. However, the State fails to recognize that in the present case defendant was precluded from appealing his probation because it was neither activated nor modified to "special probation." Unlike the defendants in the three cases cited by the State, all of whom waived their right to appeal, defendant in this case did not waive his right to appeal because he had no right to appeal the extension orders. *See State v. Edgerson*, 164 N.C. App. 712, 714, 596 S.E.2d 351, 352-53 (2004) (citing N.C. Gen. Stat. §§ 15A-1347 (2003) and 15A-1344(e) (2003)).

III.

[2] Defendant's sole argument on appeal is that the trial court lacked subject matter jurisdiction to revoke his probation. A trial court asserts the "conclusion of law" that it has subject matter jurisdiction when it enters a judgment against a defendant in a criminal case. An appellate court reviews conclusions of law *de novo. State v. Taylor,* 155 N.C. App. 251, 260, 574 S.E.2d 58, 65 (2002). Further, an appellate court necessarily conducts a statutory analysis when analyzing whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a *de novo* review. *See State v. Bryant,* 361 N.C. 100, 637 S.E.2d 532 (2006).

A trial court must have subject matter jurisdiction over a case in order to act in that case. *State v. Reinhardt,* 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007) (citing *In re N.R.M.,* 165 N.C. App. 294, 297, 598 S.E.2d 147, 149 (2004)). In addition, a defendant may properly raise this issue at any time, even for the first time on appeal. *Id.* (citing *State v. Bossee,* 145 N.C. 579, 59 S.E. 879 (1907)).

The judgment that originally placed defendant on probation was entered on 1 February 2001, and the original probationary period expired on 1 February 2004. According to N.C. Gen. Stat. § 15A-1344(d), a trial court can only extend probation "prior to the expiration or termination of the probation period[.]" There is no provision in the statute that allows for the extension of probation after the original term has expired. However, under N.C. Gen. Stat. § 15A-1344(f) (2007):

The court may revoke probation after the expiration of the period of probation if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

The State neither filed the required written motion nor did it make a reasonable effort to notify the probationer. Therefore, because defendant's period of probation had expired, the trial court lacked jurisdiction on 26 February 2004 to extend the probationary period in the first extension, and thus, the trial court lacked jurisdiction to revoke defendant's probation in the second extension.

Finally, " '[w]hen the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' " *State v. Crawford*, 167 N.C. App. 777, 779, 606 S.E.2d 375, 377 (2005) (citation omitted).

## IV.

Since, the trial court lacked subject matter jurisdiction the judgment revoking defendant's probation must be vacated.

Vacated.

Judges BRYANT and JACKSON concur.