STATE OF NORTH CAROLINA v. MARY JEAN HANDY FRADY

No. COA08-1215

(Filed 17 March 2009)

**Schools and Education— compulsory attendance—warrant for parent's violation—principal's discretion not jurisdictional or element of offense**

The State was not required to present evidence at trial that the school principal personally made the decision to have a warrant issued against defendant parent charging a violation of the school attendance law, N.C.G.S. § 115C-378, in order to convict defendant of that offense. The exercise of the principal's discretion was neither a jurisdictional requirement nor an element of the offense.

Appeal by defendant from judgment entered 13 February 2008 by Judge James L. Baker in Buncombe County Superior Court. Heard in the Court of Appeals 25 February 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Katherine A. Murphy, for the State.*

*Carol Ann Bauer for defendant-appellant.*

STEELMAN, Judge.

The discretion of a school principal to seek a warrant for a parent's violation of N.C. Gen. Stat. § 115C-378 is not jurisdictional and is not an element of the offense. The trial court had subject matter jurisdiction over defendant.

## I. Factual Summary and Procedural Background

On 23 August 2006, Mary Jean Handy Frady's (defendant) son, M.P., started the eighth grade at Clyde A. Erwin Middle School. Between that first day of school and 22 February 2007, he missed sixty-three days of school. Of those sixty-three absences, thirty-two were unexcused.

On 20 October 2006, Jill Castelloe, the dropout prevention specialist with the Buncombe County School system, sent defendant a letter notifying her of North Carolina's Compulsory Attendance Law and informing her that her son had three days of unexcused absences. On 28 November 2006, Castelloe sent defendant a second letter

reminding her of the Compulsory Attendance Law, informing her that her son had six unexcused absences, and asking her to contact the school to discuss a solution to the problem. Defendant did not respond. On 6 December 2006, Castelloe sent defendant a third letter informing her that she was in violation of the Compulsory Attendance Law, that charges might be brought against her, and to set up a "ten-day conference," in accordance with N.C. Gen. Stat. § 115C-378. Castelloe spoke with defendant over the phone on 13 December 2006. During this conversation, Castelloe and defendant set the conference for 15 December 2006.

The ten-day conference convened as planned and was attended by the principal of Erwin Middle School, representatives from two alternative schools, and Castelloe. Defendant did not attend the conference. As a result of the conference, a warrant was issued on 22 February 2007 charging defendant with violation of the Compulsory Attendance Law.

On 23 November 2007, defendant was found guilty in the Buncombe County District Court. Upon appeal to the Superior Court, defendant was found guilty by a jury on 13 February 2008. The Superior Court entered judgment and sentenced defendant to forty-five days in the common jail of Buncombe County. This sentence was suspended, and defendant was placed on supervised probation for twelve months. Defendant appeals.

## II. Analysis

In her only argument, defendant contends that the trial court lacked subject matter jurisdiction because administrative procedures had not been followed before the warrant was issued charging the defendant with school attendance law violation pursuant to N.C. Gen. Stat. § 115C-378. We disagree.

A review of the trial court's subject matter jurisdiction presents a question of law. *State v. Satanek*, 190 N.C. App. 653, ——, 660 S.E.2d 623, 625 (2008) (citing *State v. Taylor*, 155 N.C. App. 251, 260, 574 S.E.2d 58, 65 (2002), *cert. denied*, 357 N.C. 65, 579 S.E.2d 572-73 (2003)). On appeal concerning the trial court's subject matter jurisdiction, this Court applies a *de novo* standard of review. *Id.*

Chapter 115C of the North Carolina General Statutes governs elementary and secondary education in this State. Part 1 of Article 26 of Chapter 115C provides for compulsory attendance of school-aged children. N.C. Gen. Stat. § 115C-380 provides that "any parent,

guardian or other person violating the provisions of this Part shall be guilty of a Class 1 misdemeanor." N.C. Gen. Stat. § 115C-380 (2007).

Specifically, N.C. Gen. Stat. § 115C-378 provides that "[e]vidence that shows that the parents, guardian, or custodian were notified and that the child has accumulated 10 absences which cannot be justified under the established attendance policies of the local board shall establish a prima facie case that the child's parent, guardian, or custodian is responsible for the absences." N.C. Gen. Stat. § 115C-378 (2007).

Defendant's child accumulated thirty-two unexcused absences in six months. Defendant was notified after her child had accumulated three, six, and more than ten unexcused absences.

N.C. Gen. Stat. § 115C-378 requires a conference after ten unexcused absences, providing that "the principal shall review any report or investigation prepared under G.S. 115C-381 and shall confer with the student and the student's parent, guardian, or custodian, if possible, to determine whether the parent, guardian, or custodian has received notification pursuant to this section and made a good faith effort to comply with the law." N.C. Gen. Stat. § 115C-378 (2007).

The trial court charged the jury that in order to find the defendant guilty, the State was required to prove the following six things beyond a reasonable doubt:

First, that the Defendant, Mary [Jean] Handy Frady, was the parent or guardian of a child who was between the age of seven and sixteen years.

Second, that the child was enrolled in a North Carolina public school during the 2006-2007 school year. Clyde A. Erwin Middle School is a public school.

Third, that the principal or principal's designee notified the Defendant of the child's absences from school after the child accumulated three unexcused absences in that 2006-2007 school year.

Four, that after not more than six unexcused absences, the defendant was further notified that she may be in violation of the North Carolina compulsory school attendance law.

Five, that after the Defendant was notified, the school attendance counselor worked with or attempted to work with the child and

the Defendant to analyze causes of absences and determine steps to eliminate the problem.

And sixth, during the 2006-2007 school year the child in question had accumulate [sic] ten unexcused absences, and that the defendant was notified of the ten unexcused absences, and that the ten unexcused absences cannot be justified under the established attendance policies of the local Board of Education.

We note that defendant makes no challenge on appeal to either the sufficiency of the evidence presented by the State as to these elements or to the court's charge to the jury.

Rather, defendant makes the peculiar argument that the State was required to present specific evidence at trial that the principal personally made the decision to proceed with having a warrant issued for violation of N.C. Gen. Stat. § 115C-378. Defendant acknowledges that there do "not appear to be any cases on point with North Carolina General Statute § 115C-378 and establishing subject matter jurisdiction with the courts."

We hold that the procedures set forth in N.C. Gen. Stat. § 115C-378 requiring that the schools take certain steps prior to causing a warrant to be issued are elements of the offense. They were so treated by the trial judge and were found to exist in this case by the jury, beyond a reasonable doubt. These steps included the repeated notification to defendant by the school of cumulative absences over a considerable period of time. Once each of these steps have been complied with, then the principal was vested with the discretion of whether or not to seek a criminal warrant for violation of the State's compulsory attendance law. The exercise of this discretion was not a jurisdictional requirement nor was it an element of the offense.

The jury found that all required procedures were fully complied with. The ten-day conference was conducted, at which the principal was present and defendant was not. Following this conference, a warrant was obtained against defendant for violation of the provisions of N.C. Gen. Stat. § 115C-378.

The trial court had jurisdiction to hear this matter.

NO ERROR.

Judges BRYANT and ELMORE concur.