STROUD, Judge.
*168 Sherri Mooney Hoskins ("defendant") requests review of orders in which the trial court found defendant in willful violation of her probation, terminated defendant's probation, and converted $5,715 owed by defendant in restitution into a civil judgment against her. We vacate and remand.
*169 I. Background
On or about 8 November 2004, a Guilford County grand jury indicted defendant for felony larceny and thirteen counts of obtaining property by false pretenses, offenses alleged to have been committed in 2002. See N.C. Gen.Stat. §§ 14-72(a), -100 (2001). On or about 27 June 2005, pursuant to a plea agreement, defendant pled guilty to four counts of obtaining property by false pretenses, and the State dismissed the remaining charges. On or about 27 June 2005, the Guilford County trial court sentenced defendant to four consecutive sentences of six to eight months' imprisonment but suspended *17 the sentences and placed defendant on five years of supervised probation. The Guilford County trial court also ordered that defendant pay $15,000 in restitution.
Defendant's probation was transferred to Buncombe County. On 16 December 2008, the State alleged that defendant had violated the terms of her probation. On 18 February 2009, the Buncombe County trial court did not find that defendant had violated her probation but ordered a three-year extension of defendant's probation, modifying the termination date of her probation from 27 June 2010 to 27 June 2013.
Defendant's probation was transferred to Avery County. On 19 April 2013, the State again alleged that defendant had violated the terms of her probation. At an 11 July 2013 hearing, defendant moved to dismiss and argued that the 2009 Buncombe County trial court had lacked statutory authority to extend her probation. The Avery County trial court denied defendant's motion. On or about 11 July 2013, the Avery County trial court found defendant in willful violation of her probation, terminated defendant's probation, and converted the remaining $5,715 owed in restitution into a civil judgment against her. On 22 July 2014, defendant gave timely notice of appeal.
On or about 22 September 2014, defendant filed a petition for writ of certiorari with this Court. On or about 8 October 2014, this Court allowed defendant's petition and issued a writ of certiorari to review the 11 July 2013 orders.
II. Appellate Jurisdiction
We first address the State's argument that the petition for writ of certiorari before this Court is an impermissible collateral attack. The State relies on State v. Pennell, 367 N.C. 466, 472, 758 S.E.2d 383, 387 (2014), and State v. Rush, 158 N.C.App. 738, 741, 582 S.E.2d 37, 39 (2003). In Pennell, our Supreme Court held that "a defendant may not challenge the jurisdiction over the original conviction in an appeal from the order *170 revoking his probation and activating his sentence." Pennell, 367 N.C. at 472, 758 S.E.2d at 387. An appeal of this nature is an impermissible collateral attack. Id. at 471-72, 758 S.E.2d at 387. In Rush, this Court similarly held that the defendant waived her right to challenge a judgment entered on a plea agreement, when she failed to file a motion to withdraw her guilty plea, failed to appeal the judgment, and failed to file a petition for writ of certiorari. Rush, 158 N.C.App. at 741, 582 S.E.2d at 39.
But Pennell and Rush are distinguishable. Defendant is not challenging the trial court's jurisdiction over her original convictions; rather she contends that the 2009 Buncombe County trial court lacked statutory authority to extend her probation. Unlike an original conviction, a probation extension order is not immediately appealable. State v. Satanek, 190 N.C.App. 653, 655, 660 S.E.2d 623, 625 (2008) ; see also State v. Edgerson, 164 N.C.App. 712, 714, 596 S.E.2d 351, 352-53 (2004). As this Court addressed in Edgerson, N.C. Gen.Stat. § 15A-1347 provides the only avenues for appeal from a probation order. See N.C. Gen.Stat. § 15A-1347 (2009) ; Edgerson, 164 N.C.App. at 714, 596 S.E.2d at 352-53. A defendant may only appeal a probation order that either activates his sentence or places the defendant on "special probation." See N.C. Gen.Stat. § 15A-1347 ; Satanek, 190 N.C.App. at 655, 660 S.E.2d at 625 ; Edgerson, 164 N.C.App. at 714, 596 S.E.2d at 352-53. In extending defendant's probation, the 2009 Buncombe County trial court neither activated defendant's sentence nor placed her on "special probation." See N.C. Gen.Stat. §§ 15A-1344(e), -1351(a) (2009). Therefore, like the defendants in Satanek and Edgerson, defendant here had no mechanism to appeal her probation extension orders. See id. § 15A-1347 ; Satanek, 190 N.C.App. at 655, 660 S.E.2d at 625 ; Edgerson, 164 N.C.App. at 714, 596 S.E.2d at 352-53. Defendant thus has not waived her right to challenge the probation extension orders. See Satanek, 190 N.C.App. at 655, 660 S.E.2d at 625 ; Edgerson, 164 N.C.App. at 714, 596 S.E.2d at 352-53.
The State further contends that defendant's failure to file a petition for writ of certiorari requesting review of the 2009 orders constitutes a waiver of her right to seek review of those orders. But nothing in Pennell *18 or Rush suggests that the failure to immediately file a petition for writ of certiorari requesting review of non-appealable, interlocutory orders transforms a petition for writ of certiorari requesting review of subsequent orders, in which a defendant challenges the earlier orders, into an impermissible collateral attack. See Pennell, 367 N.C. at 472, 758 S.E.2d at 387 ; Rush, 158 N.C.App. at 741, 582 S.E.2d at 39. Therefore, we hold that this petition for writ of certiorari is properly before us. *171 III. Trial Court Jurisdiction
Defendant contends that the 2013 Avery County trial court (1) lacked subject-matter jurisdiction and (2) erred in converting the remaining restitution owed by defendant into a civil judgment. Because we hold that the 2013 Avery County trial court lacked subject-matter jurisdiction, we need not address defendant's second issue. Defendant specifically argues that the 2009 Buncombe County trial court lacked statutory authority to extend defendant's probation more than six months before the termination of the original five-year period of probation.
A. Standard of Review
The issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court sua sponte. It is well settled that a court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute. Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction. If the court was without authority, its judgment is void and of no effect.
An appellate court necessarily conducts a statutory analysis when analyzing whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a de novo review.
State v. Gorman, 221 N.C.App. 330, 333, 727 S.E.2d 731, 733 (2012) (citations, quotation marks, brackets, and ellipsis omitted).
B. Analysis
The maximum duration that a trial court can place a defendant on probation is five years, but the court may grant an extension. N.C. Gen.Stat. § 15A-1343.2(d) (2009).[1] A trial court may order an extension *172 beyond this five-year period only in the "last six months of the original period of probation." Id. Additionally, N.C. Gen.Stat. § 15A-1344(d) allows a trial court to extend the period of probation "up to the maximum allowed under G.S. 15A-1342(a) [.]" Id. § 15A-1344(d) (2009). N.C. Gen.Stat. § 15A-1342(a) allows for a maximum duration of five years. Id. § 15A-1342(a) (2009).
In Gorman, the trial court extended a defendant's probation more than six months before the expiration of the original five-year period of probation. Gorman, 221 N.C.App. at 331-32, 727 S.E.2d at 732. This Court held that the trial court lacked statutory authority under N.C. Gen.Stat. § 15A-1343.2(d) to grant such an extension. Id. at 334, 727 S.E.2d at 734. This Court further held that the trial court lacked statutory authority under N.C. Gen.Stat. § 15A-1344(d) to grant such an extension, because that provision allows the trial court to extend the period of probation only up to the maximum duration allowed under N.C. Gen.Stat. § 15A-1342(a), which is five years, and the defendant's extended period of probation exceeded five years. Id. at 335, 727 S.E.2d at 734. This Court vacated the extension orders. Id., 727 S.E.2d at 734.
If a trial court lacks the statutory authority to extend a defendant's probation, we will vacate a subsequent order that derives from the improperly granted extension.
*19 Satanek, 190 N.C.App. at 656-57, 660 S.E.2d at 625-26. "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." State v. Crawford, 167 N.C.App. 777, 779, 606 S.E.2d 375, 377, disc. review denied, 359 N.C. 412, 612 S.E.2d 324 (2005).
Here, defendant's original period of probation expired on 27 June 2010. But the Buncombe County trial court extended defendant's probation on 18 February 2009, approximately sixteen months before this date. Following Gorman, we hold that the 2009 Buncombe County trial court lacked statutory authority under N.C. Gen.Stat. § 15A-1343.2(d) to order a three-year extension more than six months before the expiration of the original period of probation. See Gorman, 221 N.C.App. at 334, 727 S.E.2d at 734 ; N.C. Gen.Stat. § 15A-1343.2(d). Additionally, the 2009 Buncombe County trial court lacked statutory authority under N.C. Gen.Stat. § 15A-1344(d), because defendant's extended period of probation exceeded five years. See Gorman, 221 N.C.App. at 335, 727 S.E.2d at 734 ; see also N.C. Gen.Stat. § 15A-1342(a), -1344(d). Because the 2009 Buncombe County trial court lacked statutory authority to extend defendant's probation, the 2013 Avery County trial court lacked *173 subject-matter jurisdiction to enter the 2013 orders. See Satanek, 190 N.C.App. at 656-57, 660 S.E.2d at 625-26.
IV. Conclusion
For the foregoing reasons, we hold that the trial court lacked subject-matter jurisdiction to enter the 2013 orders. Accordingly, we vacate those orders and remand the case to the trial court.
VACATED AND REMANDED.
Judges CALABRIA and TYSON concur.

N.C. Gen.Stat. § 15A-1343.2 applies to "persons sentenced under Article 81B of [Chapter 15A of the General Statutes.]" Id. § 15A-1343.2(a) (2009). "[Article 81B] applies to criminal offenses in North Carolina, other than impaired driving under G.S. 20-138.1 and failure to comply with control measures under G.S. 130A-25, that occur on or after October 1, 1994. [Article 81B] does not apply to violent habitual felons sentenced under Article 2B of Chapter 14 of the General Statutes." Id. § 15A1340.10 (2005). Because defendant pled guilty to offenses committed in 2002, article 81B applies to defendant.