DILLON, Judge.
*133 Montanelle Deangelo Posey ("Defendant") appeals from a judgment revoking his probation and activating his suspended sentence. After careful consideration, we conclude Defendant's appeal is moot and, therefore, dismiss his appeal.
I. Background
Defendant was placed on 36 months of supervised probation, beginning after his release from incarceration, for certain crimes he committed prior to April 2011.
While on probation, a trial court found that Defendant had not been at his residence during a mandatory curfew on two occasions in 2012, and that these absences constituted willful violations of a condition of his probation and that these violations constituted absconding supervision. The trial court entered judgment finding Defendant in willful violation of his probation, revoking his probation on the basis of absconding and activating his suspended sentence. Defendant appealed.
II. Appellate Jurisdiction
As an initial matter, Defendant concedes that his notice of appeal was defective for failure to satisfy multiple procedural requirements for giving notice of appeal as set out in N.C. R. App. P. 4. In recognition of these defects, Defendant has filed a petition for writ of certiorari contemporaneously with the filing of his appellate brief requesting that this Court review the trial court's judgment revoking his probation. In our discretion, we allow Defendant's petition for writ of certiorari .
III. Analysis
The State concedes that the trial court lacked jurisdiction to revoke Defendant's probation under the Justice Reinvestment Act, as the offenses he committed for which he was placed on probation occurred prior to 1 December 2011.
The State only argues that the appeal is moot as Defendant has served his time.
A pending appeal from a judgment that has been fully effectuated is generally moot because a subsequent appellate decision "cannot have *134 any practical effect on the existing controversy." In re A.K. , 360 N.C. 449, 452, 628 S.E.2d 753, 755 (2006) (quotation marks and citation omitted). However, before an appeal is dismissed for mootness, "it is necessary to determine whether collateral legal consequences of an adverse nature may result." State v. Black , 197 N.C.App. 373, 375, 677 S.E.2d 199, 201 (2009). If so, the appeal is not moot. A.K., 360 N.C. at 452, 628 S.E.2d at 755.
Here, Defendant contends that he may suffer collateral consequences as a result of the trial court's alleged error in the event he is subsequently convicted of a new crime. Defendant points to N.C. Gen. Stat. § 15A-1340.16(d)(12a) (2015), which provides that, for sentencing purposes, an aggravating factor is found where "[t]he defendant has, during the 10-year period prior to the commission of the offense for which the defendant is being sentenced, been found by a court of this State to be in willful violation of the conditions of probation imposed pursuant to a suspended sentence...." As such, a result of the trial court's alleged error in revoking Defendant's probation is that Defendant may receive an enhanced sentence if he is ever convicted of a subsequent offense.
We conclude that Defendant's argument is misplaced. Specifically, Defendant makes no argument that the trial court had erred in finding him in willful violation of his probation, the factor that triggers N.C. Gen. Stat. § 15A-1340.16(d)(12a). Rather, Defendant only argues that the trial court erred in revoking his probation based on the application of the Justice Reinvestment Act, which did not take effect until after Defendant violated his probation. However, the fact that Defendant's probation was revoked, in and of itself, does not trigger the application of *582 N.C. Gen. Stat. § 15A-1340.16(d)(12a). The only part of the trial court's judgment which could have any future detrimental effect is the finding that Defendant was in willful violation of his probation, a finding that Defendant does not challenge. And, clearly, the trial court acted within its authority in entering its finding of willfulness, notwithstanding that it may have erroneously applied N.C. Gen. Stat. § 15A-1340.16(d)(12a). Specifically, the conditions of Defendant's probation included a mandatory curfew; Defendant was cited for violating this curfew; the trial court had the jurisdiction to hold its hearing to consider Defendant's violation; and the trial court found that Defendant violated his curfew and that the violation was willful. Therefore, since Defendant will not suffer future collateral consequences stemming from the trial court's error in revoking his probation , we conclude that Defendant's appeal is moot.
DISMISSED.
Judge BERGER concurs.
Judge ZACHARY dissenting by separate opinion.