DILLON, Judge.
 

 *843
 
 Tyler Bryant Peed ("Defendant") appeals from the trial court's judgment revoking his probation. Defendant's probation had been extended to allow Defendant time to complete one of the conditions of his probation. His probation was revoked for a violation which occurred during the extension. On appeal, Defendant contends that the trial court did not have jurisdiction to revoke his probation because the extension was not statutorily authorized. After careful review, we reverse.
 

 I. Background
 

 In 2013, Defendant received thirty (30) months of supervised probation in lieu of an active sentence in connection with a felony conviction. In February 2016, approximately four days before his probation was to expire, the trial court entered an order extending Defendant's probation for 12 months, with Defendant's consent. The purpose of the extension was to allow Defendant "to complete Substance Abuse Treatment[.]"
 

 During the 12-month period of extension, Defendant violated probation. A hearing was held to determine whether Defendant's probation should be revoked based on the violation. During the hearing, Defendant moved to dismiss, arguing that the extension of his probation period was not authorized by statute.
 

 *779
 
 The trial court denied the motion. Defendant
 
 *844
 
 then admitted to willfully violating probation. The trial court revoked Defendant's probation. Defendant timely appealed.
 

 II. Justiciability
 

 The State contends that Defendant's appeal is moot because he has already served the entire sentence assigned for revocation, leaving no controversy left to be redressed.
 

 Defendant, however, argues that his appeal is not moot, as there are potentially adverse consequences that he may endure as a result of the order revoking his probation. Indeed, our Supreme Court has stated that a criminal appeal is not moot, though the sentence has been served, where the "mere fact of conviction may result in various adverse consequences to the individual[.]"
 
 In re A.K.
 
 ,
 
 360 N.C. 449
 
 , 453,
 
 628 S.E.2d 753
 
 , 756 (2006). Defendant cites a potential adverse consequence of the trial court's order that the "willful violation of the conditions of probation imposed pursuant to a suspended sentence" may be considered in a future criminal proceeding as an aggravating factor during sentencing. N.C. Gen. Stat. § 15A-1340.16(d)(12)(a) (2015). And, here, the trial court did find that Defendant willfully violated his probation.
 

 The State, though, contends that the appeal is still moot because Defendant is
 
 not
 
 contesting the trial court's finding that he willfully violated his probation, only that the trial court lacked jurisdiction to revoke his probation. And, so the State's argument goes, it is only the fact that a defendant has willfully violated a condition of probation, and
 
 not
 
 the fact that a defendant's probation has been revoked, which may be used as an aggravating factor in a future criminal matter. The State cites as authority our holding in
 
 State v. Posey
 
 , --- N.C. App. ----,
 
 804 S.E.2d 580
 
 (2017). We, however, hold that our
 
 Posey
 
 decision is distinguishable.
 

 In
 
 Posey
 
 , the defendant's probation was revoked for a willful violation of a condition. We considered the defendant's appeal after he had served his time. As Defendant has done here, the defendant in
 
 Posey
 
 argued that his appeal was not moot because the order revoking his probation could be used against him as an aggravating factor in a future criminal proceeding. We held, though, that the appeal was still moot because the defendant was
 
 not
 
 challenging the trial court's finding that he had willfully violated his violation, but only the trial court's jurisdiction to revoke his probation:
 

 [T]he fact that [the defendant's] probation was revoked, in and of itself, does not trigger the application of N.C. Gen. Stat. § 15A-1340.16(d)(12a) [which allows a prior willful
 
 *845
 
 violation of a probation condition to be considered as an aggravating factor]. The only part of the trial court's judgment that could have any future detrimental effect is the finding that [the defendant] was in willful violation of his probation, a finding that [the defendant] does not challenge.
 
 And, clearly, the trial court acted within its authority in entering its finding of willfulness
 
 , notwithstanding that it may have erroneously [revoked the defendant's probation].
 

 Id.
 

 at ----,
 
 804 S.E.2d at 581-82
 
 (emphasis added).
 

 This present matter is distinguishable from
 
 Posey
 
 because Defendant challenges the trial court's jurisdiction, not only to revoke his probation, but to even consider whether he willfully violated a condition of his probation. That is, unlike the defendant in
 
 Posey
 
 , Defendant here essentially argues that he was not even on probation when he committed his alleged violation.
 

 Accordingly, with the revocation order in place, Defendant will be subject to potential adverse consequences in the future since that order contains a determination that Defendant willfully violated his probation. However, if we agree with Defendant's argument that his probation period had, in fact, already ended before he allegedly committed the act found by the trial court to constitute a willful violation, then the trial court's finding of a willful violation would be vacated. Therefore, Defendant's appeal is not moot. We now turn to the
 
 merits
 
 of Defendant's argument on appeal.
 

 III. Analysis
 

 Defendant essentially argues that the trial court lacked jurisdiction to find that he had violated his probation because his probationary
 
 *780
 
 period was unlawfully extended. Specifically, Defendant contends that the reasoning the trial court used to extend his probation was not authorized by the governing statutes. We agree.
 

 "[A]n appellate court necessarily conducts a statutory analysis when analyzing whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a
 
 de novo
 
 review."
 
 State v. Satanek
 
 ,
 
 190 N.C. App. 653
 
 , 656,
 
 660 S.E.2d 623
 
 , 625 (2008) (citing
 
 State v. Bryant,
 

 361 N.C. 100
 
 , 102,
 
 637 S.E.2d 532
 
 , 534 (2006) ).
 

 In order to extend an individual's probationary period, the trial court must have statutory authority; absent such authority, any orders extending probation are void.
 
 See
 

 *846
 

 State v. Gorman
 
 ,
 
 221 N.C. App. 330
 
 , 335,
 
 727 S.E.2d 731
 
 , 734 (2012). Here, the trial court extended Defendant's probation based on Defendant's consent. There are two statutes which authorize the trial court to extend the period of probation based on a defendant's consent, both of which authorize an extension to allow the defendant to complete/continue "medical or psychiatric treatment ordered as a condition of" the probation, namely N.C. Gen. Stat. §§ 15A-1342(a) and 15A-1343.2(d).
 
 [1]
 

 Neither N.C. Gen. Stat. § 15A-1342(a) (2015) nor N.C. Gen. Stat. § 15A-1343.2(d) (2015) expressly authorize a trial court to extend a defendant's period of probation to allow him time to complete a "substance abuse program," as was done in this case. The State argues, though, that the completion of Defendant's "substance abuse program" is a permissible reason for the trial court to extend Defendant's probation as a continuation of "medical or psychiatric treatment." For the following reasons, we must disagree.
 

 This is a question of statutory interpretation: Both N.C. Gen. Stat. § 15A-1342(a) and
 
 N.C. Gen. Stat. § 1343.2
 
 (d) authorize a trial court to extend a defendant's period of probation (with the defendant's consent) to allow a defendant time to complete "medical or psychiatric treatment." Did the General Assembly intend to authorize the trial court to extend the period of probation under these sections for the purpose of allowing the defendant additional time to complete "substance abuse treatment"? In other words, did the General Assembly intend for "substance abuse treatment" to be a type of "medical or psychiatric treatment"? In deciding this question, we are guided by our Supreme Court's directive that "[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts ... are without power to interpolate, or superimpose, provisions and limitations not contained therein."
 
 In re Redmond
 
 ,
 
 369 N.C. 490
 
 ,
 
 797 S.E.2d 275
 
 , 279 (2017).
 

 We conclude that the General Assembly did not intend for a probation condition to complete "substance abuse treatment" to be synonymous with (or a subset of) a probation condition to complete "medical or psychiatric treatment." Specifically, N.C. Gen. Stat. § 15A-1343, which
 
 *847
 
 enumerates the conditions of probation which may be imposed, lists "substance abuse ... treatment"
 
 separately from
 
 "medical or psychiatric treatment." N.C. Gen. Stat. § 15A-1343(a1) (2015) (listing "[s]ubstance abuse assessment, monitoring, or treatment" as a permissible "intermediate probation" condition); N.C. Gen. Stat. § 15A-1343(b1)(2015) (listing "[m]edical or psychiatric treatment" as a permissible "special condition" of probation).
 

 In sum, the General Assembly enumerates in N.C. Gen. Stat. § 15A-1343 the various conditions of probation available to a trial court to impose, which include separately "substance abuse ... treatment" and "medical or psychiatric treatment." Based on N.C. Gen. Stat. § 15A-1343, there are situations where a trial court could order a defendant
 
 *781
 
 to participate in substance abuse treatment,
 
 or
 
 in medical treatment,
 
 or
 
 in psychiatric treatment,
 
 or
 
 in two of these three types of treatment,
 
 or
 
 in all three types.
 

 The General Assembly further authorizes the trial court to extend the period of probation with the defendant's consent in limited situations. These limited situations enumerated by the General Assembly include 'allowing the defendant more time to complete his medical treatment or to complete his psychiatric treatment. The General Assembly could have also expressly authorized a trial court to extend the probation period to allow a defendant time to complete substance abuse treatment. However, the General Assembly has not done so. We, therefore, must hold that the General Assembly did not authorize the trial court to extend Defendant's period of probation in this case. We reverse the trial court's order revoking Defendant's probation in its entirety, including the trial court's finding that Defendant willfully violated his probation.
 

 REVERSED.
 

 Judges BRYANT and DIETZ concur.
 

 [1]
 

 These statutes also allow the trial court to extend the probation period
 
 with a defendant's consent
 
 to allow the defendant more time to complete making restitution. However, restitution is not an issue in the present case. Also, another statute, N.C. Gen. Stat. § 15A-1344 (2015) authorizes a trial court to extend the probation period without a defendant's consent if good cause is shown. However, here, neither party argues that N.C. Gen. Stat. § 15A-1344 applies and, further, the trial court did not make any finding of good cause shown, but rather rested its authority on the basis of Defendant's consent.