IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-984

Filed 3 June 2026

Surry County, Nos. 19CR052255-850, 19CR052271-850, 20CR050252-850, 20CR052340-850

STATE OF NORTH CAROLINA

v.

TRACY LEON JESSUP

Appeal by Defendant from Judgments entered 4 March 2025 by Judge Angela B. Puckett in Surry County Superior Court. Heard in the Court of Appeals 25 March 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Erin G. Hukka, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt B. Orsbon, for Defendant-Appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Tracy Leon Jessup (Defendant) appeals from Judgments revoking his probation and activating four consecutive prison sentences. The Record before us tends to reflect the following:

On 11 January 2021, Defendant pleaded guilty to over thirty felony and misdemeanor offenses. The trial court consolidated Defendant's convictions into four judgments and sentenced him to four consecutive terms of 6 to 17 months'

imprisonment. The trial court then suspended Defendant's sentences and placed him on 36 months of supervised probation. As a condition of his probation, Defendant was required to pay $15,724.09 in restitution pursuant to a schedule determined by a probation officer.[1] Defendant's term of probation began on 11 January 2021.

On 1 May 2023, probation violation reports were filed alleging:

> The defendant was set up to pay $650.00 a month beginning on 06/30/2021. As of 04/20/2023 the defendant has missed one or more payments and is in arrears $12700.00. The defendant has a current balance of $19851.59 and last payment was on 04/08/2022. The defendant has paid $1600.00 since being placed on probation.

(capitalization altered).

On 21 August 2023, the trial court held a probation violation hearing (Extension Hearing). Through counsel, Defendant admitted to willfully violating his probation. A probation officer confirmed the violations were related to "monies on the case[.]" The State informed the trial court "[Defendant] just needs an extension to pay. Your Honor, it looks like we'll need the full three-year maximum extension."

The trial court then conducted a colloquy with defense counsel:

> [Defense Counsel]: Your Honor, I will tell the Court, [Defendant] has $300 with him today. [Defendant] can pay an additional $2,000 by noon tomorrow. [Defendant] lives in Ararat, Virginia, and left that money at the house.[2] [Defendant] was trying to get here by 2:00. And [Defendant] also has permission from his

---

[1] The trial court imposed other fines and fees as "monetary conditions" of Defendant's probation. Combined, the fines, fees, and restitution made Defendant's "Total Amount Due" $21,451.59.

[2] Defendant had been "lawfully transferred from North Carolina to Virginia for supervision[.]"

employer, which he can show his probation officer, to do . . . essentially an automatic draft monthly from his paycheck. That might be easier for everybody involved.

[Trial Court]: All right. And no objection to extending it 36 months to let [Defendant] pay the rest of it?

[Defense Counsel]: That's fine, Your Honor.

[Trial Court]: I'm going to then show that we will extend probation for an additional 36 months under the same terms and conditions, with the added condition that he pay $300 forthwith and $2,000 by 5:00 p.m. tomorrow.

On 25 August 2023, the trial court entered an "Order on Violation of Probation or on Motion to Modify" in each of Defendant's four judgments (Extension Orders).[3] In each of the four Extension Orders, the trial court filled out the "OTHER MODIFICATIONS OF PROBATION" section of the form as follows:

☒ 1.  The defendant's term of probation is extended for a period of <u>36 months</u>

    ☒        a. for good cause shown, pursuant to G.S. 15A-1344(d). (**NOTE**: *The total of the original period of probation plus all extensions under G.S. 15A-1344(d) may not exceed five years.*)

    ☐        b. with the defendant's consent, pursuant to G.S. 15A-1342(a) or G.S. 15A-1343.2(d). (**NOTE**: *The extension must be for the purpose of allowing the defendant to complete a program of restitution or continue medical or psychiatric treatment ordered as a condition of probation. The extension may be ordered only during the last six months of the original, unextended period of probation and may not exceed three years beyond the original period of probation.*)

---

[3] The trial court used the following form order for the four Extension Orders: AOC-CR-609, Rev. 1/23 © 2023 Administrative Office of the Courts.

On 26 August 2024, violation reports were filed alleging Defendant had been convicted of new offenses in Virginia and had not paid restitution as required by his probation. On 2 January 2025, violation reports were filed alleging Defendant had absconded and failed to report to his probation officer.

On 17 February 2025, the trial court held a hearing on the violation reports (Revocation Hearing). The trial court found Defendant had violated "valid conditions of [his] probation . . . willfully and without valid excuse at a time prior to the expiration or termination of his probation." The trial court revoked Defendant's probation and activated his four sentences of 6 to 17 months to run consecutively. Defendant timely provided written Notice of Appeal on 25 February 2025.

## Issues

The issues on appeal are whether: (I) Defendant waived his right to appeal the Extension Orders; and (II) the trial court had subject matter jurisdiction to revoke Defendant's probation.

## Analysis

I.    Waiver

On appeal, Defendant contends the trial court lacked subject matter jurisdiction to revoke his probation because the Extension Orders extended his probation beyond five years on an impermissible basis. The State, however, argues Defendant "may have waived the right to appeal" this issue by failing to object to the

extension of his probation at either the Extension Hearing itself or the subsequent Revocation Hearing.[4] We disagree with the State.

Generally, a defendant may not assert an argument on appeal unless it was preserved through an objection or motion in the trial court. N.C. Gen. Stat. § 15A-1446(a) (2025). However, "a defense of lack of subject matter jurisdiction may not be waived and may be asserted for the first time on appeal[.]" *M.E. v. T.J.*, 380 N.C. 539, 563, 869 S.E.2d 624, 639 (2022) (citation and quotation marks omitted). In the instant case, Defendant argues the trial court, in the August 2023 Extension Orders, exceeded its statutory authority and therefore lacked subject matter jurisdiction to extend his probation. Because a party may challenge the subject matter jurisdiction of the trial court for the first time on appeal, *see id.*, the fact Defendant did not raise

---

[4] In reply briefing, Defendant claims the State's brief "tentatively suggests" Defendant " 'may have waived the right to appeal' because [he] failed to immediately appeal the trial court's extension orders." It is not obvious to us the State made this argument in its brief, but for the purpose of clarity, Defendant is correct: he did not waive his right to appeal the Extension Orders by failing to immediately appeal them. This is because "[u]nlike an original conviction, a probation extension order is not immediately appealable." *State v. Hoskins*, 242 N.C. App. 168, 170, 775 S.E.2d 15, 17 (2015) (citations omitted). "N.C. Gen. Stat. § 15A-1347 provides the only avenues for appeal from a probation order. [Under Section 15A-1347,] [a] defendant may only appeal a probation order that either activates his sentence or places [him] on 'special probation.' " *Id.* (citations omitted). Section 15A-1347 is inapplicable to the instant case. In its Extension Orders, the trial court did not activate Defendant's sentences or place him on special probation. It merely added 36 months to Defendant's probationary term. *See id.*; N.C. Gen. Stat. § 15A-1347 (2025). Thus, because he had "no mechanism to appeal" the August 2023 Extension Orders, Defendant "has not waived his right to challenge the probation extension orders" in the present appeal. *Hoskins*, 242 N.C. App. at 170, 775 S.E.2d at 17 (citations omitted).

We also note our caselaw establishes Defendant's right to challenge the Extension Orders on appeal from the subsequent Judgments revoking his probation and activating his suspended sentences. *See, e.g.*, *State v. Satanek*, 190 N.C. App. 653, 655, 660 S.E.2d 623, 625 (2008) (defendant appealing revocation of probation could challenge prior probation extension orders because he had no right to appeal from extension orders themselves).

this issue at either hearing is immaterial, *see In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) ("Jurisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties. Subject matter jurisdiction cannot be conferred upon a court by consent, waiver[,] or estoppel, and therefore failure to object to the jurisdiction is immaterial." (citations, quotation marks, and ellipsis omitted)).

Thus, Defendant did not waive his right to challenge on appeal the trial court's subject matter jurisdiction to enter the Extension Orders.

II.    Subject Matter Jurisdiction

Defendant argues the Extension Orders were entered without statutory authority and are thus void for lack of subject matter jurisdiction. On the basis the Extension Orders are void, Defendant asserts his original term of probation expired in January 2024, several months before his probation officer filed violation reports, and therefore the trial court lacked subject matter jurisdiction to revoke his probation in February 2025. As a consequence, Defendant contends the Judgments revoking his probation and activating his sentences are void for lack of jurisdiction and should be vacated.

A. *Standard of Review*

"The issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte*. It is well settled that a [trial] court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute. Where jurisdiction is statutory and the Legislature requires the [c]ourt to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise

> subjects the [c]ourt to certain limitations, an act of the [c]ourt
> beyond these limits is in excess of its jurisdiction. If the court was
> without authority, its judgment is void and of no effect."

*Hoskins*, 242 N.C. App. at 171, 775 S.E.2d at 18 (citations, quotation marks, brackets, and ellipsis omitted) (quoting *State v. Gorman*, 221 N.C. App. 330, 333, 727 S.E.2d 731, 733 (2012)).

"An appellate court necessarily conducts a statutory analysis when analyzing whether a trial court has subject matter jurisdiction in a probation revocation hearing, and thus conducts a *de novo* review." *Gorman*, 221 N.C. App. at 333, 727 S.E.2d at 733 (citation and brackets omitted). "If a trial court lacks the statutory authority to extend a defendant's probation, we will vacate a subsequent order that derives from the improperly granted extension." *Hoskins*, 242 N.C. App. at 172, 775 S.E.2d at 18-19 (citing *Satanek*, 190 N.C. App. at 656-57, 660 S.E.2d at 625-26).

B. *Extension of Probation*

Under N.C. Gen. Stat. § 15A-1344(d), at any time while a defendant is still on probation, "the [trial] court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed under [N.C. Gen. Stat. §] 15A-1342(a)[.]" Pursuant to N.C. Gen. Stat. § 15A-1342(a), a "convicted offender['s]" probationary period is "not to exceed a maximum of five years." The five-year maximum period is inclusive of the originally imposed term plus any extensions. *See Hoskins*, 242 N.C. App. at 171-72, 775 S.E.2d at 18 (explaining that under Sections 15A-1344(d) and 15A-1342(a), original term of probation plus any extensions has a

"maximum duration" of five years). An extension order entered pursuant to Section 15A-1344(d) that extends probation beyond five years exceeds the trial court's statutory authority and is void for lack of jurisdiction. *See Gorman*, 221 N.C. App. at 335, 727 S.E.2d at 734 (extension orders void because trial court lacked authority under Section 15A-1344(d) to extend probation to eight total years); *Hoskins*, 242 N.C. App. at 172-73, 775 S.E.2d at 19 ("[The] trial court lacked statutory authority under [Section] 15A-1344(d), because defendant's extended period of probation exceeded five years." (citations omitted)).

In the case *sub judice*, the Extension Orders added 36 months to Defendant's original 36-month term of probation. Box 1a is checked on all four Extension Orders, indicating the trial court extended probation "for good cause shown, pursuant to [Section] 15A-1344(d)." At face value, the sum of Defendant's original probationary term plus the extension is 72 months, or six years, which exceeds the five-year maximum period imposed by Section 15A-1342(a). Therefore, according to Defendant, the Extension Orders were entered without statutory authority and are void for lack of jurisdiction. *See Gorman,* 221 N.C. App. at 335, 727 S.E.2d at 734.

The State, however, asserts the trial court made "clerical error[s]" by "incorrectly check[ing] the wrong box by selecting [Box 1a] instead of [Box 1b]." Box 1b provides a trial court the option to indicate an extension was ordered "with the defendant's consent pursuant to [N.C. Gen. Stat.] § 15A-1342(a) or [N.C. Gen. Stat.] § 15A-1343.2(d)." The State concedes Box 1b is blank and Box 1a is checked on all

four Extension Orders. Nonetheless, the State contends "[t]he facts only support that the probation extension was ordered pursuant to [Section] 15A-1342(a)[,]" one of the statutory provisions listed in Box 1b.

While the general rule of Section 15A-1342(a) caps a probationary period at a maximum of five years, the provision also includes exceptions for "special extension[s]." N.C. Gen. Stat. § 15A-1342(a) (2025). In pertinent part, a special extension of probation beyond five years is authorized "with the consent of the defendant . . . for the purpose of allowing the defendant to complete a program of restitution[.]"[5] *Id.* Pointing to the transcript of the Extension Hearing, the State contends "no other basis for the extension existed other than for Defendant to complete payment on restitution." Per the State, the Extension Hearing transcript establishes that the trial court's intent was to enter an order extending Defendant's probation pursuant to the restitution exception of Section 15A-1342(a). However, "when documenting [the] extension," the State contends the trial court made clerical mistakes by checking Box 1a instead of Box 1b. Notwithstanding the checks in Box 1a, which indicate the extension was ordered pursuant to Section 15A-1344(d), the State asserts the extension beyond five years was "lawful" and "proper" under the

---

[5] The provision also contains two timing requirements. Special extensions "may be ordered only in the last six months of the original period of probation" and "shall not exceed three years beyond the original period of probation." N.C. Gen. Stat. § 15A-1342(a) (2025). Along with the "program of restitution" exception, special extensions are allowed "for the purpose of allowing a defendant to . . . continue medical or psychiatric treatment ordered as a condition of probation." *Id.*

Section 15A-1342(a) restitution exception. Thus, the State asserts the 36 months (three years) added by the Extension Orders validly extended Defendant's probationary period "until January 2027." Therefore, on the ground Defendant remained on probation when violation reports were filed in August 2024, the State argues the trial court had jurisdiction in February 2025 to revoke Defendant's probation and activate his sentences. Consequently, the State asks this Court to affirm the Judgments and Commitments Upon Revocation of Probation. However, "[i]f this Court were to believe . . . [the checking of Box 1a in the Extension Orders] is an important enough clerical error to correct," the State proposes we remand to the trial court "with directions . . . to amend the clerical error only."

"A clerical error is 'an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination.' " *State v. Hauser*, 271 N.C. App. 496, 503, 844 S.E.2d 319, 325 (2020) (brackets omitted) (quoting *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000)). However, "even assuming [a] Record before us show[s] a clerical error, we have limited authority in correcting clerical errors. If the correction of a clerical error affects the substantive rights of a party or if the correction corrects a substantive error, the Court is without authority to make a change." *State v. Tincher*, 266 N.C. App. 393, 397, 831 S.E.2d 859, 863 (2019) (citing *State v. Harwood*, 243 N.C. App. 425, 429, 777 S.E.2d 116, 119 (2015)). Furthermore, "[w]e have repeatedly rejected attempts to change the substantive provisions of judgments under

the guise of clerical error." *Harwood*, 243 N.C. App. at 429, 777 S.E.2d at 119 (citation and quotation marks omitted).

Here, the trial court's alleged mistakes in checking the wrong boxes "would be . . . substantive error[s], rather than . . . clerical one[s]." *Id.* at 430, 777 S.E.2d at 120. The errors would be substantive because "[c]hanging this provision would retroactively extend [D]efendant's period of probation by . . . [three] year[s] and would grant the trial court subject matter jurisdiction to activate [four] consecutive sentences" of 6 to 17 months' imprisonment. *Id. Accord State v. Guinn*, 281 N.C. App. 446, 456, 868 S.E.2d 672, 680 (2022) ("As in *Harwood*, correcting the asserted mistake here would retroactively extend Defendant's period of probation and would grant the trial court subject-matter jurisdiction to activate his sentence of imprisonment. Thus, this does not constitute a clerical error." (citation and quotation marks omitted)). This Court lacks the authority to correct such substantive errors affecting Defendant's substantive rights.[6] *See Tincher*, 266 N.C. App. at 397, 831 S.E.2d at 863.

The trial court indicated the extension was made pursuant to Section 15A-1344(d) by checking Box 1a on the Extension Orders. However, by adding 36 months to Defendant's original 36-month probationary period, the trial court extended

---

[6] We also observe the affirmative acts of checking Box 1a on each of the four Extension Orders suggest the trial court intentionally extended Defendant's probation pursuant to Section 15A-1344(d). *Cf. Harwood*, 243 N.C. App. at 430, 777 S.E.2d at 120 ("We first note that the fact that the 2009 trial court made both omissions five times strongly suggests that the trial court did not make a mistake but rather intended for defendant's probation to run concurrently with his incarceration, as this is the default rule under N.C. Gen. Stat. § 15A-1346.").

Defendant's probation beyond the maximum duration of five years allowed by N.C. Gen. Stat. § 15A-1342(a). Thus, because the Extension Orders exceeded the trial court's statutory authority, they are void. *See Gorman,* 221 N.C. App. at 333, 727 S.E.2d at 733. Consequently, Defendant's original 36-month term of probation, which began on 11 January 2021, expired on 10 January 2024. *See, e.g.*, *State v. Surratt*, 177 N.C. App. 551, 553, 629 S.E.2d 341, 343 (2006) (five-year probationary term began on 24 September 1995 and ended on 23 September 2000).

C.  *Revocation of Probation*

"This Court reviews *de novo* the issue of whether a trial court had subject matter jurisdiction to revoke a defendant's probation." *State v. Moore*, 240 N.C. App. 461, 462, 771 S.E.2d 766, 767 (2015) (citation omitted).

"[O]ther than as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term." *Id.* at 463, 771 S.E.2d at 767 (citing *State v. Camp*, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980)). "The [trial] court may . . . revoke probation after the expiration of the period of probation if . . . [b]efore the expiration of the period of probation the State has filed a written violation report[.]" N.C. Gen. Stat. § 15A-1344(f)(1) (2025). If a written violation report was not filed before the expiration of a defendant's probation as required by Section 15A-1344(f)(1), "the trial court lack[s] subject-matter jurisdiction to revoke [the] [d]efendant's probation and activate his suspended sentence." *State v. Hendricks*, 277 N.C. App. 304, 307, 858 S.E.2d 384, 386

(2021) (citing *State v. Reinhardt*, 183 N.C. App. 291, 293, 644 S.E.2d 26, 27 (2007)).

Here, Defendant's probation expired on 10 January 2024. Because Defendant's probation officer did not file violation reports until 26 August 2024, the violation reports were not filed before Defendant's probationary period had ended as required by Section 15A-1344(f)(1). Therefore, the trial court lacked subject matter jurisdiction to revoke Defendant's probation and activate his suspended sentences. *See id.* Consequently, we vacate the trial court's four Judgments and Commitments Upon Revocation of Probation. *See id.* at 307-08, 858 S.E.2d at 386 (citing *Tincher*, 266 N.C. App. at 398, 831 S.E.2d at 863).

## Conclusion

Accordingly, for the foregoing reasons, we vacate the Judgments and Commitments Upon Revocation of Probation.

VACATED.

Judges STROUD and CARPENTER concur.