NO. COA13-1159

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

    v.                                Columbus County
                                      No. 11 CRS 5387-39, 11 CRS
                                      53961
NICHOLAS JAMES JACOBS


    On a writ of certiorari by defendant from judgment entered

8 May 2013 by Judge Douglas B. Sasser in Columbus County

Superior Court.  Heard in the Court of Appeals 17 February 2014.

    *Attorney General Roy Cooper, by Assistant Attorney General
    Jason R. Rosser, for the State.*

    *Edward Eldred for defendant.*


    ELMORE, Judge.


    On 15 November 2013, Nicholas James Jacobs (defendant)

filed a petition for writ of certiorari in this Court, seeking

review of the trial court's order revoking his probation and

activating his prison sentence.  This case arose after defendant

pled guilty to five counts of obtaining property by false

pretenses and five counts of breaking or entering a motor

vehicle, which were consolidated into five sentences.  This

Court will hear defendant's appeal pursuant to his petition for

writ of certiorari for the purpose of reviewing the criminal judgment. After careful consideration, we reverse the trial court's judgment and remand for further action consistent with this opinion.

## I.  Factual Background

On 25 April 2012, defendant pled guilty to the above mentioned offenses. Pursuant to defendant's plea, the trial court sentenced defendant to one term of 6 to 8 months active time; four consecutive, suspended 8 to 10 months sentences; and probation for 36 months. On 4 January 2012, defendant's probation officer filed notices of probation violations against defendant in Columbus County. The notices alleged that defendant failed (1) to attend a scheduled appointment, (2) to make required payments to the Clerk of Superior Court, (3) to obtain approval before moving, (4) to remain within the jurisdiction of the court, (5) attend TASC (Treatment Accountability for Safer Communities), and (6) was charged with criminal offenses that could result in probation violations.

On 8 May 2013, a probation violation hearing was held in Columbus County Superior Court. Defendant proceeded *pro se* at the hearing. The trial court revoked defendant's probation and activated his sentences. That same day, defendant filed a

written notice of appeal. However, the record shows that defendant's notice of appeal was defective. Accordingly, defendant's appeal is before us on writ of certiorari.

## II. Analysis

Defendant's sole argument on appeal is that the trial court erred by allowing him to represent himself without establishing that defendant's waiver of his right to counsel was knowing, voluntary, and intelligent as prescribed by N.C. Gen. Stat. § 15A-1242. We agree.

"It is well[-]settled that an accused is entitled to the assistance of counsel at every critical stage of the criminal process as constitutionally required under the Sixth and Fourteenth Amendments to the United States Constitution." *State v. Taylor*, 354 N.C. 28, 35, 550 S.E.2d 141, 147 (2001), *cert. denied*, 535 U.S. 934, 122 S Ct. 1312, 152 L. Ed. 2d 221 (2002). Specifically, a defendant is entitled to be represented by counsel at a probation revocation hearing and, if indigent, to have counsel appointed for him. N.C. Gen. Stat. § 15A-1345(e) (2013). A defendant also has the right to refuse the assistance of counsel and proceed *pro se*. *State v. Gerald*, 304 N.C. 511, 516, 284 S.E.2d 312, 316 (1981).

"Before a defendant is allowed to waive in-court representation by counsel, the trial court must insure [sic] that constitutional and statutory standards are satisfied." *State v. Carter*, 338 N.C. 569, 581, 451 S.E.2d 157, 163 (1994) (citation omitted).  To satisfy the trial court, a defendant must first "'clearly and unequivocally' waive his right to counsel and instead elect to proceed *pro se*."  *Id.*  Second, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily waived his right to in-court representation by counsel."  *Id*.  "A signed written waiver is presumptive evidence that a defendant wishes to act as his or her own attorney.  However, the trial court must still comply with N.C. Gen. Stat. § 15A-1242[.]"  *State v. Whitfield*, 170 N.C. App. 618, 620, 613 S.E.2d 289, 291 (2005) (internal citation omitted).

N.C. Gen. Stat. § 15A-1242 allows a defendant to proceed without counsel if the trial judge makes a thorough inquiry and is satisfied that defendant:

> 1. Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> 2. Understands and appreciates the consequences of this decision; and

3. Comprehends the nature of the charges and proceedings and the range of permissible punishments.

In the instant case, defendant's appointed counsel withdrew at the outset of defendant's revocation hearing due to a conflict in representation. In an attempt to appoint defendant new counsel, the trial judge asked the clerk, "[h]ow about Mr. Bill Gore?" Before the clerk responded, defendant interrupted and the following colloquy occurred:

> DEFENDANT: This case has been continued since January. It's the fourth—this will be the fifth time it's [sic] been continued. I'm not happy about that. I have numerous co-defendants in this case.
>
> . . .
>
> THE COURT: You understand if you want a lawyer, I will be happy to appoint another for you, you understand. If you go forward with it today without an attorney, you are held to the same standard. The Court can't walk you through it, you are held to the same standard and I assume the State is seeking revocation.
>
> . . .
>
> P.O.: Yes, your Honor.
>
> THE COURT: You understand they are going to ask me to put you in prison on this, so it may be you will want to wait at this point and have it continued for another 30 days and have a lawyer come in and help out on it as opposed to doing it yourself.

DEFENDANT: If they're going to violate me, they're going to violate me anyway with a lawyer or without a lawyer.

THE COURT: If you are in violation, the Court could find that and there's a chance you might be violated anyway. What's the underlying sentence?

THE STATE: There's four, boxcar(ed), eight to ten.

THE COURT: If he takes care of it himself today and admits and I take one of those boxcar(ed) and consolidate it with the rest, which would be a pretty good offer.

. . .

THE STATE: If he would want to accept that today and be done with it, the State wouldn't object.

THE COURT: The State wouldn't object.

DEFENDANT: I'm not going to—if y'all are going to give it to me, you're going to have to give it to me because I'm not going to ask that my probation be revoked.

THE COURT: Okay, and I don't have to give you one day off, you understand that.

DEFENDANT: I understand.

(the hearing began and defendant's parole officer began testifying)

THE COURT: One moment. Let's get a waiver in the file. You indicated you didn't want an attorney, I'm going to let you sign a waiver that you don't want an attorney.

This exchange reveals that the trial judge made no inquiry as to whether defendant understood the "range of permissible punishments" pursuant to N.C. Gen. Stat. § 15A-1242(3). The State contends that defendant understood the range of permissible punishments because "the probation officer told the court that the State was seeking probation revocation." This is insufficient to satisfy N.C. Gen. Stat. § 15A-1242(3). As to defendant's underlying sentence, defendant was told only that, "[t]here's four, boxcar(ed), eight to ten." The trial judge then made defendant the "good offer" of having "one of those boxcar(ed)" consolidated. However, there was no discussion pertaining to the specific range of punishment.

We cannot assume that defendant understood the legal jargon "boxcared" and "eight to ten" as it related to his sentence. The phrase "eight to ten" is uncertain--is it in reference to eight to ten days, weeks, months, or years? Further, the trial judge had an unequivocal duty to ask defendant whether he understood the nature of the charges and proceedings and disclose the range of permissible punishments. *State v. Pruitt*, 322 N.C. 600, 604, 369 S.E.2d 590, 593 (1988) (citations omitted). He neglected to do so. The foregoing is clearly inadequate to constitute the "thorough inquiry" necessary to

satisfy N.C. Gen. Stat. § 15A-1242(3). *See State v. Taylor*, 187 N.C. App. 291, 294, 652 S.E.2d 741, 743 (2007) (holding that the trial court failed to properly inform the defendant regarding the range of permissible punishments when it correctly informed defendant of the maximum 60-day imprisonment penalty, but failed to inform defendant that he also faced a maximum $1,000.00 fine for each of the charges).

Although we recognize that defendant signed a written waiver of his right to assistance of counsel, the trial court was not abrogated of its responsibility to ensure the requirements of N.C. Gen. Stat. § 15A-1242 were fulfilled. *Whitfield*, *supra*. We need not discern whether the first two subparts of the statute were satisfied—all three must be met to ensure that a defendant's waiver was made knowingly, intelligently, and voluntarily. Accordingly, we reverse the trial court's judgment revoking defendant's probation and remand for a new probation revocation hearing.

Reversed and remanded.

Chief Judge MARTIN and HUNTER, Robert N., concur.