IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-92

 Filed: 3 September 2019

Anson County, No. 17CRS051196

STATE OF NORTH CAROLINA

 v.

MARIO SMITH, Defendant.

 Appeal by Defendant from judgment entered 27 June 2018 by Judge Tanya

Wallace in Anson County Superior Court. Heard in the Court of Appeals 7 August

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Orlando L.
 Rodriguez, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katherine
 Jane Allen, for the Defendant.

 BROOK, Judge.

 I. Background

 On 4 August 2017, two corrections officers transported a prisoner to a new

housing unit within the Lanesboro Correctional facility in Anson County, North

Carolina. When they entered the new unit, two prisoners rushed forward and

attacked the prisoner being transferred. Mario Smith (“Defendant”) was identified

as one of these attackers. The prisoner being transferred had four stab wounds on
 STATE V. SMITH

 Opinion of the Court

his back, one of which caused a hemopneumothorax. A shank was retrieved from

Defendant’s possession.

 On 11 September 2017, Defendant was indicted with one count of Assault with

a Deadly Weapon Inflicting Serious Injury (“ADWISI”) and one count of Assault by a

Prisoner with a Deadly Weapon Inflicting Bodily Injury.1 The jury returned guilty

verdicts for both charges following the 26 June 2018 trial. Immediately following the

verdicts and outside the presence of the jury, a sentencing hearing was held. During

the hearing, the following exchange between counsel for the Defendant and the State

as well as the trial judge occurred:

 MR. McCRARY: [H]e’d just ask the Court to be as kind to
 him as you can on this. I know the State had mentioned
 the possibility of boxcarring2 these. My concern being that
 while I understand the Court’s point that it’s possible to do
 so because there’s that different element, the logic of why
 you can’t boxcar, say, alphabet assault with assault with a
 deadly weapon still applies. It may not legally—but it still
 applies. I mean, this is one instance that happened just
 one time. And the State pursued basically two legal
 theories against my client. I don’t know that that

 1 Throughout the briefs this charge is referred to as “Assault by a Prisoner with a Deadly
Weapon Inflicting Bodily Injury.” However, this charge has various titles. In the indictment it is
listed as “Possess Dangerous Weapon in Prison Inflict Injury.” This crime is codified in the North
Carolina General Statutes as “Possession of Dangerous Weapon in Prison.” N.C. Gen. Stat. § 14-258.2
(2017). It is referred to in the North Carolina Pattern Jury instructions as “Assault by a Prisoner with
a Deadly Weapon Inflicting Bodily Injury.” N.C.P.I – Crim. 208.65. And, finally, at trial, the parties
referred to the charge as “Assault with a Weapon Capable of Inflicting Serious Bodily Injury or Death,
thereby Inflicting Bodily Injury while a Prisoner.” We will use the Pattern Jury Instructions title as
the parties do in their briefing.
 2 Boxcarring is a term commonly used in the North Carolina court system and case law to

describe when multiple prison sentences run consecutive to one another. See State v. Jacobs, 233 N.C.
App. 701, 704-05, 757 S.E.2d 366, 368-69 (2014) (quoting the trial court transcript where consecutive
sentences are proposed and referred to as “boxcar” sentencing).

 -2-
 STATE V. SMITH

 Opinion of the Court

 necessarily makes things substantively different. . . .

 THE COURT: Mr. McCrary, what’s your position?

 MR. McCRARY: The State would ask that, Your Honor.
 But given our conversation at the bench – I mean, the State
 wasn’t really expecting it.

 THE COURT: Well, that didn’t have anything to do with
 boxcarring. . . .

 The trial court determined Defendant to be a prior record level II. The court

sentenced Defendant to the presumptive range of 29 to 47 months for ADWISI and

the presumptive range of 15 to 27 months for Assault by a Prisoner with a Deadly

Weapon Inflicting Serious Bodily Injury. The sentences were ordered to run

consecutively.

 The trial concluded at 12:30 p.m. on 27 June 2018, but the Court was called

back later that afternoon and Defendant’s trial counsel gave an oral notice of appeal

at 3:25 p.m. Due to the time gap between the conclusion of trial and the oral notice

of appeal, Defendant has filed a petition for writ of certiorari. We grant Defendant’s

petition and the writ shall issue for the reasons that follow. We also reject

Defendant’s Fifth Amendment double jeopardy argument and affirm the trial court’s

ruling.

 II. Appellate Jurisdiction

 a. Notice of Appeal

 -3-
 STATE V. SMITH

 Opinion of the Court

 As stated previously, Defendant’s trial counsel gave oral notice of appeal

shortly after the conclusion of Defendant’s trial. The State argues that this failed to

comply with Rule 4(a) of the North Carolina Rules of Appellate Procedure, which

requires notice of appeal at trial. N.C. App. R. P. 4(a)(1). As we see fit to grant

Defendant’s petition for certoriari, we need not resolve the question of whether

Defendant complied with Rule 4(a). Compare State v. Holaneck, 242 N.C. App. 633,

640, 776 S.E.2d 225, 231-32 (2015) (deciding the oral notice of appeal was ineffective

when it was entered six days after trial had concluded) with State v. Smith, 246 N.C.

App. 636, 784 S.E.2d 236, 2016 WL 1010526, at *3 (2016) (unpublished opinion)

(holding the oral notice of appeal given twelve minutes after the conclusion of trial as

valid).

 b. Writ of Certiorari

 Due to questions about trial counsel’s notice of appeal, Defendant has filed a

petition for writ of certiorari in order to preserve his right to appeal the immediate

matter. Writs of certiorari are considered to be “extraordinary remedial writ[s]” and

can serve as substitutes for an appeal. State v. Roux, 263 N.C. 149, 153, 139 S.E.2d

189, 192 (1964) (citation omitted). Rule 21 of the North Carolina Rules of Appellate

Procedure indicates that a petition must include “a statement of the facts necessary

to an understanding of the issues presented by the application; a statement of the

reasons why the writ should issue; and certified copies of the judgment, order, or

 -4-
 STATE V. SMITH

 Opinion of the Court

opinion[.]” N.C. R. App. P. 21(c). Our Rules of Appellate Procedure further permit

the issuance of a writ of certiorari in this Court’s discretion “when the right to

prosecute an appeal has been lost by failure to take timely action[.]” N.C. R. App. P.

21(a)(1). Given the writ’s sufficiency and the fact that questions about the timeliness

of Defendant’s appeal turn on his trial attorney’s action, we exercise our discretion

and grant the petition in accordance with the analysis below.

 First, Defendant’s writ complies with the requirements of Rule 21(c).

Defendant’s petition includes reasons why the writ should issue and the requisite

certified documents relevant to the writ’s issuance. While the petition for writ of

certiorari does not include a statement of facts, the Court will recognize the statement

of facts presented in the brief since the petition and the brief were filed

contemporaneously.

 Second, it is within the Court’s discretion to issue the writ of certiorari in the

current controversy pursuant to Rule 21(a)(1). See In re A.S., 190 N.C. App. 679, 683,

661 S.E.2d 313, 316 (2008) (granting petition for certiorari where there was no

evidence that respondent contributed to the error and the consequences of the

adjudication order were serious). As noted above, the alleged defect was attributable

to Defendant’s trial counsel. Further, as discussed below, the consequences of

rejecting Defendant’s double jeopardy argument are surely serious.

 -5-
 STATE V. SMITH

 Opinion of the Court

Thus, the petition for certiorari is legally sufficient and within our discretion to issue.

Accordingly, we grant the petition and issue the writ.

 c. Preservation of Issue

 The State also argues that Defendant waived the issue now before our Court:

that he is being punished twice for the same crime in violation of the Double Jeopardy

Clause of the Fifth Amendment to the United States Constitution. “In order to

preserve an issue for appellate review, a party must have presented to the trial court

a timely request, objection, or motion stating specific grounds for the ruling the party

desired the court to make if the specific grounds were not apparent.” N.C. R. App. P.

10(a)(1). Constitutional arguments such as the “double jeopardy protection may not

be raised on appeal unless the defense and the facts underlying it are brought first to

the attention of the trial court.” State v. White, 134 N.C. App. 338, 342, 517 S.E.2d

664, 667 (1999) (citation omitted). “[T]he complaining party [must also] obtain a

ruling upon the party’s request, objection or motion.” N.C. R. App. P. 10(a)(1). The

denial of the relief sought in is an implicit rejection of the argument in support of

which it is offered. See In re Hall, 238 N.C. App. 322, 329, 768 S.E.2d 39, 44 (2014)

(citation omitted) (noting trial court denial of petition sought by defendant

terminating his sex offender registration requirement constituted “reject[ion] [of]

petitioner’s ex post facto argument[]”).

 -6-
 STATE V. SMITH

 Opinion of the Court

 Defendant preserved his double jeopardy argument at trial. “[T]he

constitutional guaranty against double jeopardy protects a defendant from multiple

punishments for the same offense.” State v. Spellman, 167 N.C. App. 374, 380, 605

S.E.2d 696, 700 (2004) (citation omitted). Though not a model of clarity, trial counsel

made a double jeopardy argument when he asserts that the State “pursued basically

two different legal theories against my client” based on “one instance that happened

just one time.” He further requested that the court “be as kind to him as you can on

this.” Further, the trial court engaged with the argument made by Defendant’s trial

counsel by questioning the State about boxcarring, revealing not only that the

argument had been brought to the court’s attention, but also that the court

understood it. Finally, in imposing two consecutive sentences based on the respective

convictions, the trial court rejected Defendant’s double jeopardy argument. This

satisfies the preservation requirement of Rule 10(a)(1) of the North Carolina Rules of

Appellate Procedure in that the Defendant raised and obtained a ruling (albeit

implicit rather than explicit) on the issue now raised before our Court. See In re

Hall, 238 N.C. App. at 329, 768 S.E.2d at 44.

 III. Merits

 Defendant contends that the ADWISI charge he was convicted of is a lesser

included offense of Assault by a Prisoner with a Deadly Weapon Inflicting Bodily

 -7-
 STATE V. SMITH

 Opinion of the Court

Injury and thus his consecutive sentences for these respective convictions violate the

Double Jeopardy Clause of the Fifth Amendment. We disagree.

 A lesser included offense occurs where “the greater offense charged in the bill

of indictment contains all of the essential elements of the lesser, all of which could be

proved by proof of the allegations in the indictment.” State v. Banks, 295 N.C. 399,

415-16, 245 S.E.2d 743, 754 (1978). “By definition, all the essential elements of a

lesser included offense are also elements of the greater offense. Invariably then a

lesser included offense requires no proof beyond that required for the greater offense,

and the two crimes are considered identical for double jeopardy purposes.” State v.

Etheridge, 319 N.C. 34, 50, 352 S.E.2d 673, 683 (1987) (citations omitted). Of

particular relevance to Defendant’s argument, “[i]f neither crime constitutes a lesser

included offense of the other, the convictions will fail to support a plea of double

jeopardy.” Id. at 50, 352 S.E.2d at 683 (citing State v. Walden, 306 N.C. 466, 293

S.E.2d 780 (1982)).

 To determine whether a charge is a lesser included offense of another charge,

we look to the definition of the offense, not to the facts surrounding the situation. See

State v. Weaver, 306 N.C. 629, 635, 295 S.E.2d 375, 378 (1982), overruled in part on

other grounds by State v. Collins, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993) (“the

definitions accorded the crimes determine whether one offense is a lesser included

offense of another crime.”). Here, the charge of ADWISI is classified as a Class E

 -8-
 STATE V. SMITH

 Opinion of the Court

Felony with the following elements: (1) an assault; (2) with a deadly weapon; (3)

inflicting serious injury. See N.C. Gen. Stat. § 14-32(b) (2017). The charge of Assault

by a Prisoner with a Deadly Weapon Inflicting Bodily Injury is classified as a Class

F felony with the following elements: (1) an assault; (2) with a weapon capable of

inflicting serious bodily injury; (3) inflicting bodily injury; (4) while in the custody of

the Section of Prisons in the Department of Adult Corrections. See N.C. Gen. Stat. §

14-258.2 (2017).

 While the offenses bear similarities, they are distinct for two reasons

pertaining to the respective injuries required to prove the charges. “The term ‘inflicts

serious injury,’ under G.S. 14-32(b), means physical or bodily injury” and hinges upon

a jury determination of whether such injury was indeed serious. State v. Alexander,

337 N.C. 182, 188, 446 S.E.2d 83, 87 (1994). The need for that factual determination

underlines the obvious: not every bodily injury is serious. See id. The inverse is true

as well; not every serious injury is a bodily injury. A “serious mental injury” satisfies

the injury prong of the ADWISI offense, see State v. Everhardt, 326 N.C. 777, 780,

392 S.E.2d 391, 393 (1990), while, of course, it cannot satisfy the “inflicting bodily

injury” prong of the Assault by a Prisoner with a Deadly Weapon Inflicting Bodily

Injury charge, see N.C. Gen. Stat. § 14-258.2 (2017). For these reasons, “serious

injury” and “bodily injury” are not synonymous and, thus, Defendant’s double

jeopardy argument fails.

 -9-
 STATE V. SMITH

 Opinion of the Court

 IV. Conclusion

 We grant Defendant’s petition for writ of certiorari and find Defendant’s

constitutional argument properly preserved for this Court’s review. Given the

distinctions between the two charges, we must reject Defendant’s Fifth Amendment

argument and affirm the lower court’s ruling.

 NO ERROR.

 Judges DILLON and ZACHARY concur.

 - 10 -