IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-36

No. COA21-153

Filed 18 January 2022

Gaston County, No. 13 CRS 54848

STATE OF NORTH CAROLINA

v.

LUMARRIS GUINN

Appeal by defendant from judgment entered 28 October 2020 by Judge Jesse B. Caldwell, III, in Gaston County Superior Court. Heard in the Court of Appeals 3 November 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Heather Haney, for the State.*

*Blass Law PLLC, by Danielle Blass, for defendant-appellant.*

ZACHARY, Judge.

¶ 1     Defendant Lumarris Guinn appeals from the trial court's judgment revoking his probation and activating his suspended sentence for two counts of uttering a forged instrument. After careful review, we vacate the judgment.

## I.     Background

On 11 July 2014, Defendant entered an *Alford* plea[1] to two counts of uttering a forged instrument in exchange for the State's dismissal of two counts of obtaining property by false pretenses. The trial court accepted Defendant's plea and that same day entered a judgment sentencing Defendant to 6 to 17 months in the custody of the North Carolina Division of Adult Correction, suspending the sentence, placing Defendant on supervised probation for 30 months, and ordering Defendant to pay restitution along with court costs and fees.

On 18 July 2016, Defendant's probation officer filed a probation violation report alleging that Defendant had violated the conditions of his probation by failing to make required monetary payments. The trial court held a probation violation hearing, at which Defendant was not represented by counsel, on 31 August 2016. On 13 September 2016, the trial court entered an order ("the 2016 Order") finding the probation violations alleged by the State and modifying the terms of Defendant's probation. The trial court extended Defendant's term of probation by 12 months and ordered Defendant to complete 40 hours of community service within six months, for which Defendant would receive $20 credit per hour worked against the balance of the

---

[1] An *Alford* plea is a guilty plea in which the defendant does not admit to any criminal act, but admits that there is sufficient evidence to convince the judge or jury of the defendant's guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970); *State v. Baskins*, 260 N.C. App. 589, 592 n.1, 818 S.E.2d 381, 387 n.1 (2018), *disc. review denied*, 372 N.C. 102, 824 S.E.2d 409 (2019).

restitution that he was originally ordered to pay as a condition of his probation. The trial court further ordered that Defendant be placed on unsupervised probation upon completion of his community service.

¶ 4     On 29 September 2017, Defendant's probation officer filed a second probation violation report, this time alleging that Defendant did not comply with the conditions of his probation, in that (1) he twice tested positive for marijuana; (2) he left the jurisdiction of the court without the permission of his probation officer; (3) he failed to report for scheduled office appointments; and (4) he failed to make required monetary payments. The probation officer also alleged that Defendant had a new criminal charge pending against him. On 3 October 2017, the probation officer filed the 29 September report again, together with an addendum alleging that Defendant had absconded.

¶ 5     On 28 October 2020, the trial court held another probation violation hearing, at which Defendant was represented by counsel. By judgment entered that same day, ("the 2020 Judgment") the trial court found that Defendant had willfully violated the terms and conditions of his probation, revoked Defendant's probation, and activated Defendant's original sentence. The trial court also reduced the balance owed by Defendant to a civil judgment. Defendant timely filed his notice of appeal.

## II.     Discussion

¶ 6     Defendant argues on appeal that the trial court lacked subject-matter

jurisdiction to revoke his probation because his right to counsel was violated at the 2016 probation violation hearing, rendering void the 2016 Order extending his probation; thus, the 2017 probation violation reports were filed after the expiration of Defendant's probation. Alternatively, Defendant argues that the trial court lacked subject-matter jurisdiction to revoke his probation for absconding because he was on unsupervised probation, and thus no longer subject to the conditions of supervised probation, when the probation officer filed the 2017 violation reports.

¶ 7        Defendant further argues that the trial court (1) erred by finding that he had committed a new criminal offense because the State presented insufficient evidence to support that finding, (2) abused its discretion by revoking his probation because the State presented insufficient evidence that he had absconded, and (3) erred by failing to make a finding of "good cause" before denying him the opportunity to confront and cross-examine his probation officer.

¶ 8        After careful review, we conclude that the trial court lacked subject-matter jurisdiction to revoke Defendant's probation because the 2016 Order was void, and thus we must vacate the 2020 Judgment. Accordingly, we need not reach Defendant's remaining arguments.

**A.  Collateral Attack**

¶ 9        As an initial matter, the State argues that Defendant's subject-matter jurisdiction argument "amounts to an impermissible collateral attack" on the 2016

Order. We disagree.

¶ 10    Our Supreme Court has repeatedly held that "a direct appeal from the original judgment lies only when the sentence is originally entered." *State v. Pennell*, 367 N.C. 466, 470, 758 S.E.2d 383, 386 (2014) (citation omitted). Accordingly, "a defendant may not challenge the jurisdiction over the original conviction in an appeal from the order revoking his probation and activating his sentence." *Id.* at 472, 758 S.E.2d at 387.

¶ 11    In its brief, the State relies on *State v. Rush*, in which this Court dismissed an appeal from a judgment entered pursuant to a plea agreement where the defendant "failed to file a motion to withdraw her guilty plea, failed to give oral or written notice of appeal within ten days after the judgment was entered, and failed to petition for writ of certiorari[.]" 158 N.C. App. 738, 741, 582 S.E.2d 37, 39 (2003) (italics omitted). We held that "[b]y failing to exercise any of [these] options, [the] defendant waived her right to challenge the judgment[,]" and her "appeal amount[ed] to an impermissible collateral attack on the initial judgment." *Id.*

¶ 12    However, the State's attempt to paint the instant appeal as "an impermissible collateral attack" is misguided. Indeed, we rejected a similar argument in *State v. Hoskins*, where the defendant was "not challenging the trial court's jurisdiction over her original convictions; rather she contend[ed] that the . . . trial court lacked statutory authority to extend her probation." 242 N.C. App. 168, 170, 775 S.E.2d 15, 17 (2015). Although the State relied on both *Rush* and *Pennell* to argue that the

appeal in *Hoskins* was an impermissible collateral attack, *id.* at 167, 775 S.E.2d at 17, we distinguished those cases because "[u]nlike an original conviction, a probation extension order is not immediately appealable. . . . N.C. Gen. Stat. § 15A-1347 provides the only avenues for appeal from a probation order[,]" *id.* at 170, 775 S.E.2d at 17. Under that statute, a "defendant may only appeal a probation order that either activates his sentence or places the defendant on 'special probation.' " *Id.*; *see* N.C. Gen. Stat. § 15A-1347(a) (2019). Accordingly, because the *Hoskins* defendant "had no mechanism to appeal her probation extension orders[,]" we held that she had not waived her right to challenge those orders on appeal from the trial court's subsequent order terminating her probation. *Hoskins*, 242 N.C. App. at 170, 775 S.E.2d at 17.

¶ 13 In the present case, Defendant is not challenging his original conviction; rather, he challenges the validity of the 2016 Order extending his probation. Here, as in *Hoskins*, the 2016 Order neither activated Defendant's sentence nor placed him on special probation. Thus, Defendant "had no mechanism to appeal" the 2016 Order, and under *Hoskins* he "has not waived [his] right to challenge" the 2016 Order on appeal from the 2020 Judgment activating his sentence. *Id.*

¶ 14 Nonetheless, after the State challenged the permissibility of Defendant's appeal, out of an abundance of caution, Defendant filed with this Court a petition for writ of certiorari requesting review of the 2016 Order, if the issue was not preserved by law. However, we conclude that Defendant's argument concerning his right to

counsel at the 2016 probation violation hearing is properly before us on appeal from the 2020 Judgment revoking his probation and activating his suspended sentence. Accordingly, we dismiss as moot Defendant's petition for writ of certiorari and proceed to the merits of his appeal.

## B. Standard of Review

¶ 15        This Court reviews de novo "the issue of whether a trial court had subject[-]matter jurisdiction to revoke a defendant's probation." *State v. Moore*, 240 N.C. App. 461, 462, 771 S.E.2d 766, 767 (2015). We similarly review de novo issues concerning a defendant's waiver of the right to counsel under N.C. Gen. Stat. § 15A-1242. *State v. Lindsey*, 271 N.C. App. 118, 124, 843 S.E.2d 322, 327 (2020). When conducting de novo review, "this Court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Id.* (citation omitted).

## C. Analysis

¶ 16        Defendant argues that the trial court lacked subject-matter jurisdiction to revoke his probation. Defendant's argument hinges on whether the trial court erred by extending his probation in the 2016 Order where the hearing was allegedly conducted in violation of his right to counsel under N.C. Gen. Stat. § 15A-1345(e) and the procedural requirements of § 15A-1242. Because an order modifying probation that is entered without statutory authority is "void and of no effect," *State v. Gorman*, 221 N.C. App. 330, 333, 727 S.E.2d 731, 733 (2012) (citation omitted), Defendant

contends that his probationary term expired on 11 January 2017, as originally scheduled. After careful review, we agree.

### 1. *Subject-Matter Jurisdiction*

¶ 17 "[O]ther than as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term." *Moore*, 240 N.C. App. at 463, 771 S.E.2d at 767. Section 15A-1344(f) provides that a trial court may only

> extend, modify, or revoke probation after the expiration of the period of probation if all of the following apply:
>
> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
>
> (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.
>
> (4) If the court opts to extend the period of probation, the court may extend the period of probation up to the maximum allowed under G.S. 15A-1342(a).

N.C. Gen. Stat. § 15A-1344(f).

¶ 18 In the case at bar, if Defendant is correct that the 2016 Order was void and as a result, his probation was not properly extended, then the State did not file either the 3 October 2017 probation report or its addendum "[b]efore the expiration of the

period of probation" on 11 January 2017. *Id.* Thus, the trial court "lack[ed] jurisdiction to revoke [D]efendant's probation[.]" *Moore*, 240 N.C. App. at 463, 771 S.E.2d at 767.

¶ 19 Accordingly, Defendant's subject-matter jurisdiction argument rises and falls on the validity of the 2016 Order extending his probation.

### 2. *Defendant's Right to Counsel at the 2016 Hearing*

¶ 20 "[A]n accused is entitled to the assistance of counsel at every critical stage of the criminal process as constitutionally required under the Sixth and Fourteenth Amendments to the United States Constitution." *State v. Jacobs*, 233 N.C. App. 701, 702, 757 S.E.2d 366, 368 (2014) (citation omitted). Our General Statutes specifically provide that "a defendant is entitled to be represented by counsel at a probation revocation hearing and, if indigent, to have counsel appointed for him." *Id.* at 703, 757 S.E.2d at 368; *see* N.C. Gen. Stat. § 15A-1345(e).

¶ 21 The trial court must ensure that "constitutional and statutory standards are satisfied" before allowing a defendant to waive the right to counsel. *Jacobs*, 233 N.C. App. at 703, 757 S.E.2d at 368 (citation omitted). "To satisfy the trial court, a defendant must first clearly and unequivocally waive his right to counsel and instead elect to proceed *pro se*. Second, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily waived his right to in-court representation by counsel." *Id.* (citation and internal quotation marks omitted). "A signed written

waiver is presumptive evidence that a defendant wishes to act as his or her own attorney. However, the trial court must still comply with N.C. Gen. Stat. § 15A-1242." *Id.* (citation omitted).

¶ 22        Section 15A-1242 establishes that prior to accepting a defendant's waiver of the right to counsel, the trial court must make a "thorough inquiry" and be satisfied that the defendant:

> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242.

¶ 23        Defendant argues that the trial court did not conduct the statutorily required "thorough inquiry" into his purported waiver of his right to counsel prior to entering the 2016 Order. Indeed, the transcript of the 2016 hearing contains only one fleeting reference to Defendant's representation, which occurred at the commencement of the hearing:

> (Court proceedings were called to order Wednesday, August 31st, 2016)
>
> [THE STATE]: Lumarris Guinn.
>
> Who is your attorney, Mr. Guinn?

> [DEFENDANT]: Officer Samuals.[2]
>
> [THE STATE]: Samuals?
>
> [DEFENDANT]: Yes.
>
> Well, that's my probation officer. He was here.
>
> (Officer Samuals entered the courtroom)
>
> PROBATION OFFICER SAMUALS: I apologize, Your Honor.
>
> THE COURT: Yes, sir. Thank you.

The transcript of the 2016 hearing does not otherwise reflect any inquiry into Defendant's waiver of his right to counsel. Accordingly, the transcript of this hearing indicates that the trial court did not satisfy N.C. Gen. Stat. § 15A-1242's requirements for a knowing, intelligent, and voluntary waiver of the right to counsel.

However, the record contains the standard "Waiver of Counsel" form, AOC-CR-227, which is signed by Defendant and the trial court, and dated 31 August 2016, the day of the hearing. That form contains the following "Acknowledgment of Rights and Waiver," which is to be executed by a defendant seeking to waive his or her right to counsel:

> As the undersigned party in this action, I freely and voluntarily declare that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge, and the nature of the

---

[2] The record on appeal suggests that the probation officer's last name is actually "Samuels."

> proceedings against me; that I have been advised of my right to have counsel assigned to assist me and my right to have the assistance of counsel in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive the right to assigned counsel and the right to assistance of counsel.

Beneath this acknowledgment are two check blocks with instructions to the defendant to "check only one," thereby indicating the extent of the defendant's waiver of counsel:

> I freely, voluntarily and knowingly declare that:
>
> . . . .
>
> □ 1. I waive my right to assigned counsel and that I, hereby, expressly waive that right.
>
> □ 2. I waive my right to all assistance of counsel which includes my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear in my own behalf, which I understand I have the right to do.

Here, in addition to signing the waiver form, Defendant checked block #2, thereby indicating that he waived his right to all assistance of counsel.

On appeal, the State argues that this signed form "establishes that Defendant's waiver was knowing, intelligent, and voluntary." However, the trial court did not check any block in the "Certificate of Judicial Official" section. That section, which follows the defendant's portion of the form, contains the following language:

> I certify that the above named defendant has been fully informed of the charges against him/her, the nature of and

the statutory punishment for each charge, and the nature of the proceeding against the defendant and his/her right to have counsel assigned by the court and his/her right to have the assistance of counsel to represent him/her in this action; that the defendant comprehends the nature of the charges and proceedings and the range of punishments; that he/she understands and appreciates the consequences of his/her decision and that the defendant has voluntarily, knowingly and intelligently elected in open court to be tried in this action[.]

¶ 28    As in the defendant's section of the form, this language is followed by two numbered blocks—again, with instructions to "check only one"—for the trial court to specify whether the defendant elected to proceed:

□ 1. without the assignment of counsel.

□ 2. without the assistance of counsel, which includes the right to assigned counsel and the right to assistance of counsel.

¶ 29    Below these two check blocks, appearing prominently in its own thick-framed box and bold typeface, the following note emphasizes:

> **NOTE: For a waiver of assigned counsel only, both blocks numbered "1" must be checked. For a waiver of all assistance of counsel, both blocks numbered "2" must be checked.**

¶ 30    Despite this clear instruction, here, the trial court did not check either block on the waiver form.

¶ 31    The State contends that the trial court's failure to check one of the blocks is merely a clerical error, claiming that the omission "is inconsequential and does not

result in an unclear or incorrect record." Furthermore, the State maintains that because "Defendant himself checked the appropriate [block] on the form indicating that he would be proceeding without counsel and on his own behalf[,]" the trial court's failure to check the appropriate block "does not render the form unclear or erroneous, and Defendant is presumed to have knowingly, intelligently and voluntarily waived his right to counsel." This argument lacks merit.

¶ 32        This Court has defined a clerical error as "an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Allen*, 249 N.C. App. 376, 380, 790 S.E.2d 588, 591 (2016) (citation omitted). However, "[w]e have repeatedly rejected attempts to change the substantive provisions of judgments under the guise of clerical error." *State v. Harwood*, 243 N.C. App. 425, 429, 777 S.E.2d 116, 119 (2015) (citation omitted).

¶ 33        The *Harwood* defendant was charged in 2009 with 79 offenses and pleaded no contest to each. *Id.* at 426, 777 S.E.2d at 117. The trial court consolidated his convictions into seven judgments and ordered that he serve the seven sentences consecutively, suspended five of the seven judgments, and placed the defendant on 48 months of supervised probation. *Id.* at 426–27, 777 S.E.2d at 117–18. In 2010, the defendant was released from incarceration, and in 2014, a probation officer filed probation violation reports. *Id.* at 427, 777 S.E.2d at 118. The defendant admitted to

willfully violating the terms of his probation without lawful justification and the trial court activated all five of the defendant's suspended sentences. *Id.*

¶ 34        On appeal, the defendant argued that the trial court lacked jurisdiction to revoke his probation in 2014 because in each of the 2009 judgments suspending his sentences, the trial court had "failed to either check the box to order that the probation would begin upon [the] defendant's release from incarceration or check the box to order that the period of probation would begin at the expiration of another sentence." *Id.* at 430, 777 S.E.2d at 120. Accordingly, the defendant argued that his 48-month probation term had actually begun in 2009 when the trial court entered its judgments, and thus expired "several months before the probation officer filed violation reports" in 2014. *Id.* at 428, 777 S.E.2d at 119.

¶ 35        In response, the State acknowledged the trial court's failure to check the boxes on the judgments but argued that the trial court's omissions were mere clerical errors. *Id.* at 428–29, 777 S.E.2d at 119. Yet assuming, *arguendo*, that the trial court's failure to check these boxes was a mistake, we held that "this mistake would be a substantive error, rather than a clerical one. Changing this provision would retroactively extend [the] defendant's period of probation by more than one year and would grant the trial court subject[-]matter jurisdiction to activate five consecutive sentences of 6 to 8 months' imprisonment." *Id.* at 430, 777 S.E.2d at 120. Because we determined that the relevant provision was "substantive," we rejected the State's request to remand

the case to permit the trial court to correct what the State contended was merely a "clerical" error. *Id.*

Similarly, if we accept the State's argument here that the trial court made a mistake by failing to check the block certifying that Defendant's waiver of his right to the assistance of counsel was knowing, intelligent, and voluntary, such error would be substantive, rather than clerical. As in *Harwood*, correcting the asserted "mistake" here "would retroactively extend [D]efendant's period of probation . . . and would grant the trial court subject[-]matter jurisdiction to activate" his sentence of imprisonment. *Id.* Thus, this does not constitute a clerical error.

Moreover, even if the error were merely clerical, this would not change the outcome of this case. "When a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, *unless the rest of the record indicates otherwise.*" *State v. Sorrow*, 213 N.C. App. 571, 574, 713 S.E.2d 180, 182 (2011) (citation omitted). Although "[a] signed written waiver is presumptive evidence that a defendant wishes to act as his or her own attorney[,] . . . the trial court must still comply with N.C. Gen. Stat. § 15A-1242." *Jacobs*, 233 N.C. App. at 703, 757 S.E.2d at 368 (citation omitted).

In *Jacobs*, this Court reversed a judgment revoking probation—even though the defendant had signed a waiver—where the transcript of the revocation hearing "reveal[ed] that the trial judge made no inquiry as to whether [the] defendant

understood the 'range of permissible punishments' pursuant to N.C. Gen. Stat. § 15A-1242(3)." *Id.* at 705, 757 S.E.2d at 369. "Although we recognize[d] that [the] defendant signed a written waiver of his right to assistance of counsel, the trial court was not abrogated of its responsibility to ensure the requirements of N.C. Gen. Stat. § 15A-1242 were fulfilled." *Id.*

¶ 39        We reach a similar conclusion in the instant case. As explained above, the waiver form was incomplete, in that the trial court failed to check either of the two blocks presented for the purpose of indicating the extent of Defendant's waiver of counsel. The instructions on the AOC-CR-227 "Waiver of Counsel" form very plainly require that the trial court must "check only one" of two numbered blocks, and that the court's selection—either #1 or #2—must match the defendant's: "For a waiver of assigned counsel only, *both blocks numbered '1' must be checked*. For a waiver of all assistance of counsel, *both blocks numbered '2' must be checked*." (Emphases added).

¶ 40        In the instant case, although signed by both parties, the form includes only one party's response to the critical question regarding the extent of Defendant's waiver of counsel. While Defendant checked block #2, the trial court made no selection at all. We are not persuaded by the State's characterization of this omission as "a missing duplicative check mark . . . [that] does not render the form unclear or erroneous[.]" This assertion contradicts the explicit instructions set out—quite emphatically—on the face of the waiver form itself.

¶ 41    Accordingly, although a signed written waiver is generally "*presumptive* evidence that a defendant wishes to act as his or her own attorney[,]" *id.* at 703, 757 S.E.2d at 368 (emphasis added) (citation omitted), we conclude that the written waiver in the instant case is insufficient—notwithstanding the presence of both parties' signatures—to pass constitutional and statutory muster.

¶ 42    Moreover, even assuming, *arguendo*, that the waiver form in this case presented no concerns, "the trial court must still comply with N.C. Gen. Stat. § 15A-1242." *Id.* (citation omitted). "The execution of a written waiver is no substitute for compliance by the trial court with the statute. A written waiver is something in addition to the requirements of N.C. Gen. Stat. § 15A-1242, not an alternative to it." *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002) (citations and internal quotation marks omitted). "Failure to conduct the mandatory inquiry under N.C. Gen. Stat. § 15A-1242 is prejudicial error." *Sorrow*, 213 N.C. App. at 577, 713 S.E.2d at 184.

¶ 43    In the instant case, the 2016 hearing transcript is silent on the subject of Defendant's waiver of counsel. Indeed, in response to the prosecutor's question, "Who is your attorney, Mr. Guinn?", Defendant identified *his probation officer*, Officer Samuels, who was present at the hearing to testify as a witness for the State. This limited exchange—initiated by the prosecutor, not the trial court—constitutes the sole inquiry into Defendant's legal representation that occurred during the 2016

hearing.

¶ 44        Perhaps, as the State contends, it may be that "[t]his exchange was not indicative of any confusion on the part of Defendant"; as the State accurately observes, Defendant subsequently "corrected himself unprompted to clarify that he meant that Officer Samuels was his probation officer, not his attorney." (Original emphasis omitted). But regardless of whether Defendant was confused by the prosecutor's question or whether he merely misspoke, our analysis remains the same.

¶ 45        Simply put, the 11-page hearing transcript fails to establish that Defendant "clearly and unequivocally waive[d] his right to counsel and instead elect[ed] to proceed *pro se*." *Jacobs*, 233 N.C. App. at 703, 757 S.E.2d at 368 (citation and internal quotation marks omitted). Although Defendant apparently signed the AOC-CR-227 waiver form on 31 August 2016, the date of the violations hearing, we cannot agree with our dissenting colleague that this fact, alone, "establishes that Defendant's waiver was knowing, intelligent, and voluntary[,]" nor that it was "*made and entered in open court.*" *Dissent* at ¶ 65 (emphasis added) (internal quotation marks omitted). To the contrary, the brief hearing transcript contains no mention of Defendant's waiver of counsel, or of the trial court's statutory responsibilities pursuant to N.C. Gen. Stat. § 15A-1242. Except for the incomplete AOC-CR-227 waiver form, the record is devoid of evidence establishing that the trial court took appropriate steps to ensure that "constitutional and statutory standards [we]re satisfied" before accepting

Defendant's purported waiver of counsel. *Jacobs*, 233 N.C. App. at 703, 757 S.E.2d at 368 (citation omitted).

¶ 46        Accordingly, as in *Jacobs*, the record in this case fails to demonstrate that Defendant "clearly and unequivocally waive[d] his right to counsel and instead elect[ed] to proceed *pro se*[,]" or that the trial court made the requisite inquiry to "determine whether [D]efendant knowingly, intelligently, and voluntarily waived his right to in-court representation by counsel." *Id.* (citation and internal quotation marks omitted); *see also State v. Doisey*, 277 N.C. App. 270, 2021-NCCOA-181, ¶ 9 ("Absent a more searching inquiry, we conclude that the colloquy between [the d]efendant and the trial court did not comply with the requirements of a valid waiver under N.C. Gen. Stat. § 15A-1242."). We thus conclude that the 2016 Order was entered in violation of Defendant's statutory right to counsel and was therefore "void and of no effect." *Gorman*, 221 N.C. App. at 333, 727 S.E.2d at 733.

¶ 47        As the 2016 Order was void on account of the violation of Defendant's right to counsel, Defendant's probation was not properly extended, and the State did not file either the 3 October 2017 probation violation report or its addendum before Defendant's period of probation expired on 11 January 2017. Therefore, the trial court lacked subject-matter jurisdiction to conduct a probation revocation hearing "after the expiration of the probationary term." *Moore*, 240 N.C. App. at 463, 771 S.E.2d at 767. Accordingly, the trial court's 2020 Judgment revoking Defendant's probation and

activating his sentence of imprisonment "must be vacated." *Id.* at 464, 771 S.E.2d at 768.

## III. Conclusion

The 2016 Order extending Defendant's probation was entered in violation of Defendant's statutory and constitutional right to counsel and was, therefore, void. Consequently, the trial court lacked subject-matter jurisdiction to revoke Defendant's probation in 2020, and the 2020 Judgment must be vacated.

VACATED.

Judge ARROWOOD concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge, dissenting.

Our Supreme Court and this Court have repeatedly recognized that probation hearings are summary in nature and the full panoply of protections available at trial or upon entry of a guilty plea do not attach to a defendant, who has already been convicted and is under judgment and sentence. "The trial court has authority to alter or revoke a defendant's probation pursuant to N.C. Gen. Stat. § 15A-1344(a)." *State v. Johnson*, 246 N.C. App. 132, 136, 782 S.E.2d 549, 552 (2016). Suspension of a sentence is given to one convicted of a crime "as an act of grace." *State v. Boggs*, 16 N.C. App. 403, 405, 192 S.E.2d 29, 31 (1972).

A proceeding to revoke probation is informal or summary, and "the court is not bound by strict rules of evidence." *State v. Tennant*, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000). An alleged violation by a defendant/probationer of "a condition upon which his sentence is suspended need not be proven beyond a reasonable doubt." *Id.* (citation omitted).

All that is required is for the State's evidence to reasonably satisfy the court in "the exercise of [its] sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." *Id.* (citation omitted). Defendant does not challenge the findings of the court not being supported by competent evidence. His judgment based thereon is not reviewable on appeal in the absence of showing a manifest abuse of discretion. *Id.*

Defendant does not challenge the findings and conclusion of violations or show

any abuse of discretion here. Nothing divested the superior court of subject matter jurisdiction over a felony probation extension or revocation hearing. The trial court's order is properly affirmed. I vote to affirm the trial court's order and respectfully dissent.

## I.    Background

¶ 53         On 11 July 2014, Defendant was in open court and offered and accepted a plea bargain and entered an *Alford* plea to two counts of uttering a forged instrument in exchange for the State's dismissal of two counts of obtaining property by false pretenses. Defendant was sentenced to 6 to 17 months in the custody of the North Carolina Division of Adult Correction, which was suspended, and he was placed upon supervised probation for 30 months and ordered to pay restitution along with court costs and fees. Defendant was represented by counsel at this hearing and sentencing.

¶ 54         While unquestionably still under probation supervision, Defendant was served and ordered back into court in 2016 to answer for his alleged repeated probation violations. Defendant appeared in court, voluntarily waived counsel, signed and checked the waiver in the record, which was also signed by the judge, and did not object to nor challenge the extension of his probation to allow him to remain out of prison. He alternatively faced revocation and activation of his suspended sentence. Presuming any error, he cannot now demonstrate any prejudice.

¶ 55         The record clearly demonstrates Defendant has repeatedly and grossly

violated the terms and conditions of his probation and suspended sentence on multiple occasions and has shown no regard for the grace of not being actively incarcerated for his crimes. The State correctly argues Defendant's lack of subject matter jurisdiction assertion amounts to an impermissible collateral attack on the 2016 Order where he was present in open court and executed a valid waiver of counsel.

¶ 56        Our Supreme Court has repeatedly held "a direct appeal from the original judgment lies only when the sentence is originally entered." *State v. Pennell*, 367 N.C. 466, 470, 758 S.E.2d 383, 386 (2014) (citation omitted). "[A] defendant *may not challenge the jurisdiction over the original conviction* in an appeal from the order revoking his probation and activating his sentence." *Id.* at 472, 758 S.E.2d at 387 (emphasis supplied).

¶ 57        Even if Defendant had no direct appeal of right from the Order extending his probation, if any asserted error or prejudice occurred, Defendant could have sought discretionary appellate review at that time, failed to do so, and has waived any claim. *See* N.C. R. App. P. 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right to appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. §15A-1422(c)(3) of an order of the trial court ruling

on a motion for appropriate relief.").

¶ 58     N.C. Gen. Stat. § 15A-1344(f) provides a trial court may:

> extend, modify, or revoke probation after the expiration of
> the period of probation if all of the following apply:
>
> (1) Before the expiration of the period of probation the
> State has filed a written violation report with the clerk
> indicating its intent to conduct a hearing on one or more
> violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or
> more conditions of probation prior to the expiration of the
> period of probation.
>
> (3) The court finds for good cause shown and stated that
> the probation should be extended, modified, or revoked.
>
> (4) If the court opts to extend the period of probation, the
> court may extend the period of probation up to the
> maximum allowed under G.S. 15A-1342(a).

N.C. Gen. Stat. § 15A-1344(f) (2021).

¶ 59     Defendant does not challenge that the trial court or the probation officer failed to comply with all provisions of the above statute or that he failed to receive all protections accorded therein at his 2016 hearing. *Id.* Recognizing now, as then, the lack of appellate jurisdiction to seek review, Defendant filed a petition for writ of certiorari requesting review of the 2016 Order. I agree with the majority's opinion that Defendant's petition should be dismissed. This panel should dismiss Defendant's petition for writ of certiorari for lack of prejudice, but we should also dismiss his purported appeal and affirm the 2020 judgment.

## II.    Waiver of Counsel

¶ 60        "It is well-settled that a criminal defendant can waive his right to be represented by counsel so long as he voluntarily and understandingly does so." *State v. Hyatt*, 132 N.C. App. 697, 700, 513 S.E.2d 90, 93 (1999).  This Court has held "to obtain relief from a waiver of [the] right to counsel, a criminal defendant must move the court for withdrawal of the waiver." *Id*. at 702, 513 S.E.2d at 94 (citation omitted).

¶ 61        A defendant waives any right to appeal the issue of his prior probation revocation where "[t]he record does not contain any suggestion that defendant ever objected to this determination prior to this appeal, but rather reveals that she accepted both the terms and the benefits of the modified order." *State v. Rush*, 158 N.C. App. 738, 741, 582 S.E.2d 37, 39 (2003).  In *Rush*, this Court dismissed an appeal from a judgment entered pursuant to a plea agreement where the defendant "failed to file a motion to withdraw her guilty plea, failed to give oral or written notice of appeal within ten days after the judgment was entered, and failed to petition for writ of certiorari[.]" *Id*. (alteration omitted).  This Court held "[b]y failing to exercise any of [these] options, [the] defendant waived her right to challenge the judgment[,]" and her "appeal amount[ed] to an impermissible collateral attack on the initial judgment." *Id*.

¶ 62        Defendant fails to show either during the initial entry of his plea or at the multiple probation violations hearing thereafter, he was not accorded every right and

protection due to him. The State correctly asserts Defendant himself checked the appropriate block on the form indicating that he would be proceeding without counsel and on his own behalf, and Defendant is presumed to have knowingly, intelligently and voluntarily waived his right to counsel.

¶ 63    The record contains the standard "Waiver of Counsel" form, AOC-CR-227, signed by Defendant and the trial court, and is dated 31 August 2016, the day of the hearing. That form contains the following "Acknowledgment of Rights and Waiver," which is executed by a defendant seeking to waive his or her right to counsel:

> As the undersigned party in this action, I freely and voluntarily declare that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge, and the nature of the proceedings against me; that I have been advised of my right to have counsel assigned to assist me and my right to have the assistance of counsel in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive the right to assigned counsel and the right to assistance of counsel.

¶ 64    Beneath this acknowledgment are two check blocks with instructions to the defendant to "check only one," thereby indicating the extent of the defendant's waiver of counsel:

> I freely, voluntarily and knowingly declare that:
>
>        . . . .
>
> □ 1. I waive my right to assigned counsel and that I, hereby,

expressly waive that right.

> ☐ 2. I waive my right to all assistance of counsel which includes my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear in my own behalf, which I understand I have the right to do.

Defendant was present in court, signed the waiver form, and also checked block #2, clearly indicating he waived his right to all assistance of counsel. The State correctly argues this signed form "establishes that Defendant's waiver was knowing, intelligent, and voluntary" made and entered in open court. Defendant's term of probation was extended for merely 12 months, and he was ordered to complete 40 hours of community service within six months. Defendant would receive $20 credit per hour worked against the balance of the restitution he was ordered to pay as a condition of his probation. Defendant was to be placed on unsupervised probation *upon completion of* his community service. Defendant failed to complete this condition of his probation, along with later absconding supervision and committing new crimes.

### III.    Subject Matter Jurisdiction

Defendant next argues the trial court lacked subject matter jurisdiction in 2020 because he was on unsupervised probation during the relevant time period. The State bears the burden of "demonstrating beyond a reasonable doubt that a trial court has subject matter jurisdiction." *State v. Williams*, 230 N.C. App. 590, 595, 754

S.E.2d 826, 829 (2013) (citation omitted).

¶ 67        Defendant bases this notion on a series of implications, which are not supported by the evidence in the record. The record contains no evidence Defendant had completed the ordered hours of community service and was transferred from supervised to unsupervised probation.

¶ 68        Defendant does not contest the trial court's jurisdiction at the entry of his plea, sentence, and imposition of his probation. "Once the jurisdiction of a court or administrative agency attaches, the general rule is that it will not be ousted by subsequent events." *In re Peoples*, 296 N.C. 109, 146, 250 S.E.2d 880, 911 (1978); *see State v. Armstrong*, 248 N.C. App. 65, 67, 786 S.E.2d 830, 832 (2016). "Jurisdiction is not a light bulb which can be turned off or on during the course of the trial." *Armstrong*, 248 N.C. App. at 67, 786 S.E.2d at 832 (citations omitted).

¶ 69        Despite the additional grace for violations and opportunities provided by the extension, Defendant continued to disregard and violate the terms and conditions of his probation and commit new crimes. On 29 September 2017, Defendant's probation officer filed a second probation violation report and alleged Defendant had again failed to comply with the conditions of his probation: (1) he twice tested positive for marijuana; (2) he left the jurisdiction of the court without the permission of his probation officer; (3) he failed to report for scheduled office appointments; (4) he failed to make the required monetary payments; and, (5) he had a new criminal charge

pending against him.

¶ 70        On 3 October 2017, the probation officer filed the 29 September report again, together with an addendum alleging Defendant had absconded with a warrant issued for his arrest. After being arrested, the trial court held another probation violation hearing, at which Defendant was represented by counsel on 28 October 2020. The trial court found Defendant had willfully violated the terms and conditions of his probation, revoked Defendant's probation, and activated Defendant's original sentence. The trial court also reduced the balance owed by Defendant to a civil judgment.

¶ 71        Defendant's probation was revoked for committing a new criminal offense and for absconding. Regardless of whether Defendant's probation was supervised or not at the time of the violations, the violations rose to the level to warrant revocation pursuant to N.C. Gen. Stat. § 15A-1344(a). The State has carried its burden beyond a reasonable doubt, Defendant's arguments are without merit. *See Williams*, 230 N.C. App. at 595, 754 S.E.2d at 829.

## IV.    Conclusion

¶ 72        The trial court acquired and maintained subject matter jurisdiction to revoke Defendant's probation in 2020. Defendant waived counsel, has not sought to withdraw that waiver, and did not challenge nor seek review of the 2016 Order extending Defendant's probation. The 2020 Judgment is properly affirmed. I

respectfully dissent.